GUARDIAN SAVINGS BANK, Defendant in Error, *v.* BERNARD J. REILLY ET AL., Plaintiffs in Error.

### April 13, 1880.

1. The time for suing out a writ of error must be counted from the date of the principal decree, not from the subsequent incidental orders.

2. A final judgment from which an appeal lies is that which determines the rights of the parties to the action, though subsequent orders may be necessary to carry it into effect, and though it leaves the question of costs undisposed of.

ERROR to the St. Louis Circuit Court.

*Writ of error dismissed.*

BROADHEAD, SLAYBACK & HAEUSSLER, S. HERMANN, and J. A. HARRISON, for the plaintiffs in error: A decree which does not dispose of the question of costs is interlocutory, though it may dispose of every other question in the case. — *Williams* v. *Field*, 2 Wis. 422; *Dickenson* v. *Wise*, 11

Paige, 189 ; *Williamson* v. *Field*, 2 Barb. 283 ; *Forgay* v. *Conrad*, 6 How. 204. The decree is not final, because it does not grant the relief contemplated by the bill. — *Dale* v. *Cupples*, 53 Mo. 321 ; *Bondurant* v. *Apperson*, 4 Metc. 32 ; *Phillips* v. *Alcorn*, 4 J. J. Marsh. 38 ; *Johnson* v. *Everett*, 9 Paige, 636 ; *Beebe* v. *Russell*, 19 How. 283 ; *McMurtry* v. *Glascock*, 20 Mo. 432 ; *Dieckhart* v. *Rutger*, 45 Mo. 135. The decree is not final, because it is not such a decree as a court of equity is competent to render. — *Clough* v. *Ratcliffe*, 1 De G. & S. 178 ; *Rooke* v. *Kensington*, 2 Kay & J. 761 ; *Jackson* v. *Turnley*, 1 Drury, 626 ; *Insurance Co.* v. *Whittemore*, 12 Mich. 310 ; *Gale* v. *Michie*, 47 Mo. 326 ; *Parker* v. *Waugh*, 34 Mo. 340 ; *Brine* v. *Vogel*, 38 Mo. 100.

HITCHCOCK, LUBKE & PLAYER, for the defendant in error : The final decree (for the purposes of this writ of error) was the decree of March 31, 1876. — *Ham* v. *Public Schools*, 34 Mo. 182 ; Freem. on Judg., sects. 23–25, 36 ; *Neall* v. *Hill*, 16 Cal. 145 ; *Travis* v. *Waters*, 12 Johns. 50 ; *Mills* v. *Hoag*, 7 Paige, 18.

HAYDEN, J., delivered the opinion of the court.

This question arises on a motion to dismiss the writ of error on the ground that it was not sued out within three years after the rendering of the judgment or decision of the court below. Rev. Stats., sect. 3745. A motion for a new trial cuts no figure in this respect, since the writ must be brought within three years after the time when the final judgment itself was rendered. *Ham* v. *Public Schools*, 34 Mo. 182. In the case at bar there was a decree of date March 31, 1876, and the writ of error was sued out on April 2, 1879 ; but the plaintiffs in error contend that that decree was not the final decree in the case : that the final decree was rendered on October 10, 1876. Thus the question is presented whether the decree of March 31, 1876, was the final decree. The parts of the bill here material

are as follows: One White, being the owner of a lot of ground in St. Louis, executed to the defendant Reilly and others a lease of it for forty years, the lessees to erect a large building. Reilly and his associates took steps to form a corporation called the Guardian Building Company, and thought they had formed one, but, through oversight, omitted to file a copy of the articles with the secretary of state, as required by law. The leasehold interest was conveyed to the assumed corporation, of which Reilly was elected president, the building was built, and the assumed corporation, for money advanced to it, gave two deeds of trust on the property, the second of which is held by the plaintiff and the first by another bank, which is made a defendant. These deeds of trust were recorded, though the bill alleges they were defectively executed. Other lien-claims are described, and the bill then alleges that Reilly became the sole stockholder in the company, which afterwards became legally a corporation; that Reilly was adjudicated a bankrupt; that there is no one to manage the corporation's affairs, and that, to prevent a forfeiture of the lease, it is necessary that a receiver be appointed to collect the rents of the building and pay the claims. The plaintiff prays to the effect that the deeds of trust be decreed to be valid, and subsisting encumbrances on the property and the irregularities corrected for foreclosure and sale, etc.; that a receiver be appointed to take charge of the property, collect the rents, etc., and for general relief.

A receiver was appointed, the bill was taken as confessed against Reilly, the Guardian Building Company, and others, and the decree of March 31, 1876, was entered. This shows a submission to the court on the pleadings and proofs, a finding of the facts stated in the petition as true, and further, that the liens of the two deeds of trust were valid. The court accordingly " ordered, adjudged, and decreed the said deeds of trust held by the plaintiff and defendant the Boatmen's Savings Bank to be valid and subsisting encum-

brances," etc.  It is then ordered that the receiver collect
certain rents ; that he pay a certain judgment against the
property ; that he be allowed $400 for his services as full
compensation ; that he pay the whole balance remaining in
his hands after such payments to the lessor, White, on ac-
count of rents ; and that the receiver and his sureties, on
this being done, be discharged.

On August 18th, the receiver's report was filed, and on
October 10th, on motion of the plaintiff, it was ordered that
this report be confirmed and the receiver be discharged ;
that the decree theretofore made be in all things confirmed,
and that the plaintiff pay the costs.

It is apparent from these facts that the final decree, in the
sense here in question, was that of March 31st.  Indeed, the
subsequent order does nothing in the way of accomplish-
ment but confirm the report, discharge the receiver, and
award the costs.  The essential action from the effects of
which the plaintiffs in error seek relief was accomplished
by the decree, not by the mere order necessary to adjust
the incidents.  The decree of March 31st was " the final
determination of the rights of the parties in the action."
Rev. Stats., sect. 3672.  It is immaterial that the decree did
not give all the relief which the plaintiff asked.  The an-
swer to that position, as also to the argument that the
decree did not award the costs, is that there was no sus-
pension of any matter, when the decree of March 31st was
made, with a view to ultimate action.  The whole merits
were disposed of, and all that remained to be done was to
carry into effect the previous action of the court.

It is said that a decree which does not dispose of the
question of costs is interlocutory, though it disposes of
every other matter.  But this implies, as just stated, a res-
ervation or suspension requiring the matter to be brought
before the court again, even under the statutes upon which
such a ruling has been made.  Decisions upon peculiar
statutes relating to chancery appeals have little bearing

upon the present question. *Dickinson* v. *Codwise*, 11 Paige, 189; *Williamson* v. *Field*, 2 Barb. 281; *Williams* v. *Field*, 2 Wis. 422. Where costs rest in the discretion of the chancellor, and do not necessarily follow a decree in favor of the party seeking relief, even here, if the question of costs is not reserved, though the decree says nothing as to costs, it does not therefore follow that the decree is not final. *Travis* v. *Waters*, 12 Johns. 500. But, in view of our statutes and the decisions upon them, the question is, how far costs rest in the discretion of the court, when sitting as a court of equity or of law. Rev. Stats., sects. 990, 1002; *Dupont* v. *McLaren*, 61 Mo. 512; *Hawkins* v. *Norland*, 53 Mo. 328. Whatever view may be taken as to the application of these statutes to the present decree, it is clear that there was no suspension of final judgment to enable the court to act in the future. See *Dieckhart* v. *Rutgers*, 45 Mo. 132; 7 Paige, 18; 6 How. 201. A further order was necessary only to pass on the report and discharge the receiver, and as this was to be the last order the costs were comprehended in it. It is clear that if the decree of March 31st was not the final decree, there was no final decree in the case; for that part of the order of August 18th which merely confirms the decree effects nothing. The controversy, so far as it was determined, was determined by the decree, not by the order; and that part of the argument of plaintiffs in error which is directed towards proving that the decree does not grant the relief contemplated by the bill, and is not of such a nature as is enforceable by process, if it proves anything, proves that there was no final decree from which a writ of error lies. The question is not whether the decree was proper.

The writ of error is dismissed. Judge BAKEWELL concurs; Judge LEWIS is absent.