GEORGE A. RUSSELL AND WILLIAM S. VAN BLARCUM, ADMINISTRATORS OF THE ESTATE OF BENTON T. RUSSELL, DECEASED, v. GEORGE M. WHITE AND JOHN B. WELLS.

*Consent orders and decrees—Partnership—Agreement for sale not dissolving.*

1. Orders and decrees made by *consent*, and with *full* knowledge of the *facts*, are binding upon the parties consenting, and cannot be gainsaid so long as they remain in force.

   So *held*, where a bill was filed to dissolve a partnership and settle its affairs, and a consent order was made appointing a receiver, in which the names of the members composing the firm were set forth, and the defendants afterwards, in their answer, denied that complainant was a member of the firm.

2. Where a member of a firm agreed with a clerk in its employ to sell his interest, the clerk to pay for the same in monthly payments, and to remain in the firm's store and represent such interest, which was to become his on *full* payment, after which agreement the vendor was held out as a member of the firm in transacting its business,—

   *Held*, that such arrangement did not destroy the existing partnership relation.

Appeal from Branch. (Pealer, J.) Argued October 19, 1886. Decided October 28, 1886.

Bill filed to dissolve a partnership, etc. Defendants appeal. Affirmed. The facts are stated in the opinion.

*Barlow & Loveridge,* for complainants.

*William E. Ware (F. L. Skeels,* of counsel), for defendants.

CHAMPLIN, J. The bill in this case was filed by Benton T. Russell for the purpose of dissolving a partnership and winding up its affairs.

The bill alleged that on and previous to January 10, 1884, the defendants were copartners, doing business in the city of Coldwater in the grocery and provision business, and on that day complainant purchased from John B. Wells his interest in the assets of the firm, with the consent of his copartner, White, and entered into a copartnership with White in said business under the firm name of George M. White & Co.; that they continued in business as such copartners until the filing of the bill, on the fourteenth day of January, A. D. 1886; that by the partnership agreement White was to devote his time and attention to the business, for which he was to be paid eight dollars a week for his services, the partners to share the profits and losses equally.

The bill of complaint then set forth the amount of capital put in by each partner; that during the year 1885 the business was in a flourishing condition, and a fair profit made, which complainant left in the business; that in 1886 an inventory was taken, which showed that the firm was insolvent.

The complainant charges the defendant White with the misapplication of the partnership property in paying his individual debts, and in giving to the defendant John B. Wells a chattel mortgage to secure a real or pretended indebt-

edness of White to him; charges that White is insolvent, and claims that he is himself responsible; prays a dissolution, an appointment of a receiver, an injunction, and an accounting and settlement of the partnership transactions.

An injunction was granted, and, with the subpœna, was served upon each of the defendants.

On the second day of February, 1886, and before answer, the complainant and defendants entered into a stipulation, by which they consented and agreed upon an order appointing a receiver. This order reads as follows:

"FIFTEENTH JUDICIAL CIRCUIT—IN CHANCERY.

"This cause came on to be heard on motion for the appointment of a receiver therein of all the partnership assets of the firm of G. M. White & Co., and thereupon, after reading the affidavits and the consent indorsed on such motion, it is ordered that Levi W. Lee, of Coldwater, Michigan, be appointed receiver of the partnership assets of said firm of G. M. White & Co., and that each of the said partners, G. M. White and Benton T. Russell, surrender to the said receiver all moneys and property in their hands belonging to said firm of G. M. White & Co., and all books of account, papers, vouchers, and instruments in any way relating to said business.

"And it is further ordered that said receiver file his bond, with one sufficient surety, to be approved by the register of said court, in the penal sum of $3,500, for the faithful performance of such trust.

"And it is further ordered that the said receiver take immediate possession of said assets, and that, within twelve days from the date of this order, he sell at public sale the stock of groceries and merchandise coming to his hands, as a whole, and not in parcels, he being at liberty, however, to so continue such business at the usual retail prices until the day of such sale; that he shall give one week's notice of such sale, by publishing in one or more newspapers published in the city of Coldwater, in said county, and by posting notices of such sale in three or more public places within the limits of said city.

"It is further ordered that said receiver be at liberty to take security for the payment of the purchase price of said stock of merchandise, such as shall be sufficient to enable him to produce the money when required by this court.

"It is further ordered that he proceed at once to collect the accounts due said firm, and convert all their assets into cash, and that he report the same to this court as he may be hereafter requested."

The receiver qualified, and the parties delivered over to him the assets of the firm, which he has converted into money so far as he has been able, receiving therefor $1,628, and having still on hand and uncollected $1,140 in notes and accounts, a large proportion of which are uncollectible.

The bill charges that the indebtedness of the firm, at the time the bill of complaint was filed, was $3,494.26.

Benton T. Russell died March 14, 1886, and administrators were appointed, and the suit revived in their name.

When the defendants filed their several answers, on the twenty-third day of April, 1886, they denied that Benton T. Russell was a member of the firm of George M. White & Co., and averred that he had no interest whatever in the partnership business of said firm or its assets.

Replications were filed and proofs taken, and upon hearing, upon pleadings and proofs, the circuit court decreed that George M. White and Benton T. Russell composed the firm of George M. White & Co., and were interested as equal partners therein, and were such partners at the time the bill of complaint was filed.

From this decree defendants have appealed.

It is not claimed that the consent order above set forth was made through ignorance or mistake of facts. In that order, entered by consent, it is stated that the firm is *composed* of G. M. White and Benton T. Russell; and it is of the firm *so composed* that the receiver is appointed to take immediate possession of the assets of such firm. Orders and decrees by *consent* are binding upon the parties consenting, and cannot thereafter be gainsaid so long as such orders or decrees remain in force. The question as to who composed the firm was not, after the entry of that order, open to dispute.

But the allegations of the bill in respect to who were the persons composing the firm were fully supported by the proofs. The defendant White held the complainant out to those dealing with the firm as a partner. He obtained credit at the bank, and from others dealing with the firm, upon the representation and assurance that Russell was his partner, doing business under the firm name of G. M. White & Co.

The fact that Corwin M. Drawbaugh, who had been a clerk in the store for White & Wells, entered into an arrangement with Russell to purchase his interest, and pay him at the rate of twenty-five dollars a month, and to remain in the store and represent Russell's interest, and, when Russell should be fully paid, should become the owner of such interest, did not destroy the partnership relation between White and Russell, for the reason that it was not intended between the parties that such agreement should have that effect. The testimony is that Russell was to remain a partner until he was fully paid for his interest, which had not been done at the time the bill was filed, and in the meantime the firm of G. M. White & Co. had continued to transact business, in which the firm was held out to consist of White and Russell as composing the firm.

The decree of the circuit court must be affirmed, with costs.

The other Justices concurred.