HENRY C. HODGES, GUARDIAN OF ANDREW McDUFF, AN
INCOMPETENT PERSON, v. GILBERT G. McDUFF
AND ALEXANDER C. McFEDRIES.

*Equity—Bill to set aside trust-deed executed by an incompetent per-
son—Injunction—Appointment of receiver—Appeal.*

1. An order granting an injunction on a bill filed by the guardian of
an incompetent person to set aside a trust-deed, restraining the
trustees from selling or incumbering the estate, and from col-
lecting or receiving any of the rents and income thereof, and
from making any further expenditures thereon, and appointing
the complainant receiver to take charge of the trust property,
and collect the rents and income thereof, is appealable.

2. Where from the *whole* facts presented by a bill filed by the guar-
dian of an incompetent person to set aside a trust-deed executed
by him, and from the answer, and the affidavits upon which an
order for an injunction and receiver was based, it appears that
the trustees have in their hands a valuable estate, conveyed to
them after one of them had presented a petition to the pro-
bate court alleging that the grantor was an incompetent person,
he being the father of one of the defendants, and that differ-
ences had arisen between *this* son and the balance of the family
as to the management of the estate and the amount necessary
for the proper care and comfort of the incompetent and his wife,
and that the defendants have given no bond to account for the
money coming into their hands, and have failed to account in any
manner for the rents and income of the estate, except in a general
way alleging that the estate is largely in debt and they are
attempting to save it from bankruptcy, such order was properly
made.

Appeal from Wayne. (Look, J.) Argued February 3,
1888. Decided March 2, 1888.

Bill filed to set aside an alleged trust-deed. Defendants
appeal from an order granting an injunction and appoint-
ing a receiver. Order affirmed. The facts are stated in the
opinion.

*Edwin F. Conely*, for complainant.

*Henry M. Cheever*, for defendants.

LONG, J. On or about June 2, 1887, Henry C. Hodges filed, in the circuit court for Wayne county, in chancery, a bill of complaint against the defendants to set aside an alleged trust-deed made and executed by Andrew McDuff to the defendants on the third day of February, 1880, and under which the defendants claim the right to control, manage, incumber, and sell certain real estate of the incompetent person above named, and also for an accounting with said defendants.

The complainant was duly appointed guardian of Andrew McDuff, by the probate court of Wayne county, and claims by his bill that the defendants, after the execution and delivery of said trust-deed, took possession and control of the property described therein, which consists of lots 5, 6, 7, and easterly six feet of lot 8, block 56, of Jones farm, and lots 5 and 6, block 61, of Cass farm, so called, in the city of Detroit, and that defendants are now endeavoring to sell the same, or some portion thereof; that they have collected all the rents, profits, and income from the property since the execution of said deed, and have never accounted to any one for their management of this property, either in or out of court; that they have never rendered any true and accurate statement of their receipts and expenditures under the trust created, and, up to the time of complainant's appointment as guardian, Gilbert G. McDuff, who has had the principal management of the affairs, refused to give to any of the parties interested any account or explanation of their doings in the premises; that since the appointment of complainant as guardian he has endeavored to obtain from defendants a true and accurate statement of the account, but, with the exception of a partial, incomplete, and insufficiently authenticated statement purporting to be a copy of some memorandum book, the

complainant has not received any account whatever from defendants; that at the time of the execution of said trust-deed said Andrew McDuff was of unsound mind, and incapable of executing the deed in question; that the defendant Gilbert G. McDuff, shortly before the execution of this trust-deed, presented his petition to the probate court of Wayne county, in which defendant averred, among other things, that Andrew McDuff was an incompetent person, and ought to have a guardian appointed over him and his property, and by this means succeeded in securing to himself and his co-defendant the trust-deed ; that defendants still continue their efforts to manage the said property, and decline to recognize any right or authority on the part of the complainant to control or manage it.

The bill contains a prayer for an accounting and for general relief, and also for an injunction perpetually, and during the pendency of the suit, restraining the defendants from collecting or receiving rents and profits, and income of the property, and from selling, incumbering, or mortgaging the same, and for the appointment of a receiver.   A copy of the trust-deed is annexed to and made a part of the bill.

At the time of filing the bill, the complainant also entered a motion for an injunction and the appointment of a receiver, and in support of the motion complainant filed the affidavits of Mrs. Ellen McDuff, wife of the incompetent, and Eliza McDuff, a daughter-in-law, and of E. F. Conely.

From the affidavit of Mrs. Ellen McDuff it appears that defendant Gilbert G. McDuff still insists upon the control and management of the property, to the exclusion of other parties, and that for some time past he has failed and neglected to provide suitably for the wants, comforts, and necessities of Andrew McDuff and his wife; that affiant has on occasions obtained necessaries from a grocery store near by, but that defendant has cut off such opportunity by ordering that goods shall not be thus furnished, and assigns as a reason that he

cannot afford to do it; and that in many other ways he has neglected and refused to provide suitably for McDuff and wife. The daughter-in-law also testifies that Mr. and Mrs. McDuff have not been suitably provided for, and that she has known them for at least 24 hours at a time to be unprovided for.

Mr. Conely says in his affidavit that Gilbert G. McDuff testified in a certain suit, in which affiant was attorney, that he was occupying one of the houses upon the land involved in this suit, and was charging himself $15 per month rental, while other houses upon the same land were renting for $20; that he did not charge himself $20 per month, because he could not afford to do it.

The defendants answered severally, and filed certain affidavits in opposition to the motion.

The answers admit many of the allegations of the bill; admit the execution and delivery of the trust-deed, and that defendants took control and management of the property in accordance with the terms of the trust-deed; but deny that in so doing they excluded said Andrew McDuff, and allege that he is now in possession of a part of the property; that for two or three years past defendant McFedries has ceased to have any active participation in the management of the property, but has had full knowledge of all the doings of defendant McDuff.

Defendants allege that they have kept careful and accurate account of all their doings, and are anxious and willing to submit the same to the court; that, after complainant's appointment as guardian, defendant McDuff called upon him and submitted his books, with a statement of all his doings under said deed, particularly of all receipts and expenditures, and offered to go through the same as fully as complainant desired, but that complainant refused to go through the same, and submitted them to a third party, who reported a bill for $100 for services, which defendant refused to pay without the

sanction of the court; that complainant thereafter admitted defendant had fully vindicated himself in his trust by his accounts and vouchers, and then stated that defendant McDuff ought to be appointed guardian, but insisted that the $100 expended in examination of the books should be first paid; that defendant then filed a petition in the probate court, asking the court to order that complainant surrender his guardianship, and appoint defendant in his stead, when the bill in this cause was filed; that the estate is largely in debt, being incumbered by mortgages amounting to about $10,000; and that the income of said estate, after paying the taxes, interest, insurance, and repairs, and the support of McDuff and wife, is not sufficient to compensate any third party expecting to make a regular charge therefor.

Defendants deny that the said Andrew McDuff was incompetent to execute the trust-deed at the time of its execution, and deny that the defendants resorted to any improper means to secure to themselves the execution of the deed, but aver that the deed was executed under the advice of counsel, after due notice to all the members of the family; and that defendant Gilbert G. McDuff is a son of Andrew McDuff, who, at the time of the execution of the deed, was anxious for its execution, and it was done at his instance and request, and in consequence of financial embarrassments that were then pressing heavily upon him. Defendants pray that the court will review the action of the trustees, and their accounts of receipts and expenditures, and that the court may deny the prayer of complainant for annulling the said trust-deed and the appointment of a receiver, and pray the appointment of complainant as guardian may be vacated; and defendant McDuff asks that his answer be treated as a cross-bill, with prayer for general relief.

Certain affidavits were annexed to the answers. The affidavit of Andrew McLellan shows that he has had business transactions with defendant McDuff, and always found him

honest, capable, and zealous for the best interests of the estate, and that the appointment of a receiver would needlessly increase the expense of the estate.

The affidavit of William C. Maybury shows that in 1880 he was called in to counsel with Andrew McDuff, and, after hearing the facts concerning the estate, he advised that the estate should be made to pay the largest possible rent, and the same should be applied to the extinguishment of the incumbrance; that repairs were needed on the property, and certain portions of the property were to be improved by rebuilding of houses anew; that Andrew McDuff was at that time in fair mental health, and seemed anxious that the care of the property should be placed in the hands of some other than himself, and, owing to an unfortunate indulgence in strong drink, he did not seem willing to undertake the task of relieving the estate from threatened bankruptcy; that it was at his request, and with his distinct approbation, that Gilbert G. McDuff and Alexander C. McFedries were appointed trustees.

The affidavit of Benjamin F. Stamm shows that he knows Gilbert G. McDuff, and that he knows him to be an honest, industrious, and a capable and intelligent business man; that said McDuff not only attends to the collection of the rents and the general management of the estate, but also does a large amount of the necessary repairs himself, thereby saving the expense to the estate; that during the absence of said Gilbert from the city, from July to November, 1886, deponent acted as his agent, but found the rents were not sufficient to meet the necessary outlay during his agency; and that said Gilbert has done well in the management of the estate in keeping said estate together, and supporting his father and mother therefrom; and that the greatest care and economy is necessary to preserve said estate intact; and that the appointment of a receiver would increase the expenses of the estate, and prove ruinous to the same.

The affidavit of William Kidd, Sr., shows substantially the same state of facts as that of Benjamin F. Stamm. These affidavits are supplemented by the affidavits of the defendants.

On September 5, 1887, the motion for the issuing of an injunction and the appointment of a receiver came on to be heard before the Hon. William Look, in the circuit court for the county of Wayne, and an order was made authorizing the issuing of an injunction to restrain defendants from selling or incumbering said estate, and from collecting or receiving any of the rents and income thereof, and from making any further expenditures thereon; and such order also appointed complainant receiver to take charge of said estate, and collect the rents and income therefrom, upon his giving a bond in the penal sum of $2,500 for the faithful discharge of his trust. Upon such order being made an injunction was duly issued. From this order the defendants appeal.

Complainant's counsel now claims that the order so made is not appealable; that, under the circumstances here stated, it is clearly within the preventive jurisdiction of a court of equity temporarily to take control of the trust property or trust fund, and, pending the controversy, place it in security under the charge of its own officer; that the selection of such officer, and the security to be given by him, are within the sound discretion of the court; that the court put in charge the officer appointed by the probate court for the reason that he would necessarily be animated with the desire to help the same *cestui que trust*; and that it was not like the case of a transfer of the person's property to the possession of another; that the defendants were subject to the inquiry and supervision of a court of equity at all times, and therefore, as the order did not finally determine anything, it is not appealable.

This order, in our opinion, is appealable. It operates to divest the defendants of the future rents and income of the

estate, and directs the receiver to collect and receive the same, and the defendants are restrained from in any way interfering with the property or estate, and comes clearly within the ruling of this Court in *Lewis v. Campau*, 14 Mich. 458; *Barry v. Briggs*, 22 Id. 201; *Maxfield v. Freeman*, 39 Id. 64; and *Taylor v. Sweet*, 40 Id. 736.

From the whole facts presented by the bill, answer, and the affidavits upon which the order was made, we are not, however, prepared to say the court erred in making the order. The defendants have in their hands a valuable estate, and took it under a trust-deed made and executed after one of them had presented a petition to the probate court alleging that the grantor was an incompetent person. The incompetent person is the father of one of the defendants. Differences seem to have arisen between this son and the balance of the family as to the management of the estate and the amount necessary for the proper care and comfort of the incompetent and his wife. The defendants have given no bond or obligation to account for the moneys coming into their hands, and they seem to have gone forward since the execution of the trust-deed in utter disregard of the wishes of the incompetent and the balance of the family, and have failed to account in any manner for the rents and income of the estate, except in a general way alleging that the estate is largely in debt, and they are attempting to save it from bankruptcy. The order made required the receiver to give a bond in the penal sum of $2,500, conditioned to faithfully account for moneys coming into his hands.

We express no opinion upon the merits of the controversy.

We think the order was properly made by the court below, and it is therefore affirmed, with costs to complainant.

The other Justices concurred