# OCTOBER TERM, 1889.

HENRY C. HODGES, GUARDIAN, ETC., v. GILBERT G. McDUFF AND ALEXANDER C. McFEDRIES.

[See 69 Mich. 76.]

*Equity—Consent decree—Misrepresentation—Rehearing—Trustees—Compensation.*

1. In this case the *consent* decree entered May 5, 1888, is held to have been understood by defendant McDuff, and the Court not being prepared to say that he was induced to agree to the same by any misrepresentations of his solicitor, the order denying a re-opening of said decree is affirmed.

2. The supplemental decree in this case, in so far as it fixes the compensation of the defendants as trustees of the estate of Andrew McDuff, is vacated, and the cause remanded to the circuit court for the county of Wayne, in chancery, to take further proofs, and to fix such compensation.

Appeal from Wayne. (Hosmer, J.) Argued February 6, 1889. Decided October 11, 1889.

Defendant McDuff applied for a rehearing, which application was denied, and a supplemental decree made fixing the compensation of defendants as trustees, etc., at $100, from which decree, as also the order denying a rehearing, he appealed. Order affirmed, and supplemental decree vacated in so far as it fixes such compensation, and case remanded to take proofs and fix the same. The facts are stated in the opinion.

*Edwin F. Conely*, for complainant.

*James H. Pound*, for defendant McDuff.

MORSE, J.   The substance of the bill and answers in this case will be found stated in *Hodges v. McDuff*, 69 Mich. 76 (36 N. W. Rep. 704).

After the filing of the opinion reported as above, and on the fifth day of May, 1888, the following decree was entered in the circuit court for the county of Wayne, in chancery:

"This cause came on to be heard on pleadings and proofs taken in open court, and the court having heard Edwin F. Conely, solicitor for the complainant, and Henry M. Cheever, solicitor for the defendants, it is ordered, adjudged, and decreed, and this court, by virtue of the power in it vested, doth order, adjudge, and decree, as follows:

"1. That the said defendants have fully accounted for all the property, and all of their doings in and about the property, described in the bill of complaint in this cause, and in and about the trust created by and vested in them by virtue of the deed of the said Andrew McDuff to the said defendants, mentioned and set forth in the said bill of complaint.

"2. That the said defendants, Gilbert G. McDuff and Alexander C. McFedries, being desirous of resigning their trust, and conveying the property to the guardian, do forthwith, by a proper deed of quitclaim and release, convey and transfer to the complainant, as guardian as aforesaid, the premises described and set forth in the bill of complaint herein, and all the right, title, interest, power, and authority of the defendants under and by virtue of the trust-deed aforesaid.

"3. That the matter of the compensation of the said defendants, or either of them, for services rendered in the matter of the trust created by the deed aforesaid, be, and the same is hereby, reserved for further investigation and determination.

"4. That reasonable counsel fees for services rendered by Henry M. Cheever, the solicitor for the defendants, in the matter of said trusts, to be fixed by the court, shall be allowed and paid out of the property covered by said trust, as soon as practicable and reasonable after the date of this decree."

On the fourth day of June, 1888, the petition of the

defendant Gilbert G. McDuff was filed for a rehearing or re-opening of the case.

The petition set forth, among other things, that the said defendant's solicitor, Henry M. Cheever, by misrepresentations of what the court would hold the law to be, and what the complainant promised to do, unduly persuaded the said defendant to consent to the decree entered May 5, 1888; that he was entitled to a decree exonerating him entirely, and allowing him to retain his trust as set forth in the trust-deed from his father to him, but was unduly persuaded by the misrepresentations of his said solicitor to consent to a different one; that the decree entered was substantially different from the one drafted by said Cheever and shown to him, and to which he consented; that in the decree he consented to he was to have the care and custody of his father, the said Andrew McDuff, if his father so desired it, at the expense and costs of his said estate and property, or the said trust property; that said Henry C. Hodges would immediately resign his trust as guardian of said Andrew McDuff, and another guardian be appointed by agreement of those interested in his father's estate, or by the court, if agreement could not be reached; that the defendants should be allowed compensation for the eight years they had acted as trustees for said estate, and that they should have an opportunity to prove what was the value of their services as such trustees.

"That it was the express wish of the said Andrew McDuff that his son, Gilbert G. McDuff, should have the care and control and management of his said property as aforesaid; he should be allowed to continue the control and management thereof, so long as he does so in an honest, intelligent, and business-like manner, which, if he has not already proven to this court he has done, he can readily do so, and is anxious and desirous of doing so.

"That the appointment of a stranger to the care and custody of the said Andrew McDuff and his property would not be to the best interest of the said trust-estate; that your petitioner is ready and willing to execute a bond for the

faithful performance of the trust imposed in him, if the court so desires it.

" That through the inattention of your petitioner's said solicitor, or some misunderstanding, your petitioner was not allowed to prove the actual services rendered the said estate, and value thereof; that your petitioner ought to be allowed the privilege of showing to the court just what services he has rendered the said estate, and the value thereof, by the said trustees.

" That by a supplemental decree in this cause your petitioner was allowed but $100 for his services, and this, too, without your petitioner being allowed to put in proof of what his services actually were, by reason of some misunderstanding or inattention on the part of his solicitor, which your petitioner represents as wholly inadequate and unjust to your petitioner.

" That the said decree has been settled and entered, but has not yet been enrolled."

This petition was supported by the affidavits of John R. Morrissey and Benjamin F. Stamm, and was contested and disputed by the affidavits of Edwin F. Conely, solicitor for the complainant, and Henry M. Cheever, solicitor for the defendants.

Mr. Cheever deposes that, so far as the principal decree is concerned, he believes that Gilbert G. McDuff was perfectly satisfied with it, and fully understood it; that he made no objection to it to him; and said Cheever further denies that he made any misrepresentations of law or of fact to said Gilbert G. McDuff, or of any matter or thing connected with said litigation in any way. Mr. Cheever further says:

" Deponent denies that he ever drafted a decree, or showed it to petitioner, as he has alleged. The petitioner has mistaken the draft of a 'memorandum of a settlement' (which the deponent made and submitted to petitioner) for a decree. This memorandum embraced other matters, which were discussed between the counsel, but which were not proper to be incorporated in the decree itself. This paper was headed, ' Mem. of Proposed Settlement.' It provides that petitioner should be briefly examined on the stand, further, so as to explain a few items of his testimony. These items referred

to two months when the books showed that he had received more money from the estate than he had expended, and concerning which he had testified that he must have used it. He was thus permitted to testify before the decree was entered.

"It also provided that the complainant would rest his case, and that the defendant should examine three or four witnesses as to the question whether McDuff had carefully attended to his father and the estate, and done the best he could in his trusteeship. This testimony was introduced before the decree was entered.

"It provided that no other testimony should be introduced, and that the court should then decree without costs, and that the trustee had accounted for his trust, and that there was nothing in his hands due to the estate, and that the court should afterwards determine what compensation should be paid to the petitioner; that upon entering the preliminary decree McDuff should resign the trusteeship, and he and McFedries should quitclaim to the guardian.

"It also provided that 'after the appointment of a new guardian there should be an arrangement, subject to such guardian's approval,' whereby McDuff should have the personal care of his father, if the father desired it, for a compensation to be paid by the estate. This is the 'memorandum' which the petitioner has mistaken for the draft of a decree.

"Deponent further says that he does not think the decree itself was ever submitted to petitioner, since it was not produced except in court; but deponent fully explained to petitioner what would be the substance of such decree, and that the matter of his having the care of his father was an understanding between the counsel, and not a proper part of the decree in the case.

"Deponent further says that it was tacitly understood between the counsel that the complainant, Hodges, did not desire the guardianship, and would shortly resign, after placing the financial condition of the estate upon a firm basis, and especially providing for the extension of or the payment by a new loan of the mortgages then being foreclosed against the estate.

"Deponent further says that he fully understood (and petitioner is correct in his statement as to this) that petitioner should have an opportunity to prove the value of his services as trustee without opposition, and that the court should, after hearing such testimony, fix such compensation, and that deponent was as much astonished as petitioner was when the

court disposed of the matter without hearing petitioner's testimony and that of his witnesses upon this question.

"This deponent protested against this action as not in accordance with the understanding of the parties, and afterwards deponent earnestly insisted to the judge that injustice had been done to petitioner by the finding of the court in this regard; and deponent further says that this fixing of compensation, without hearing of testimony upon the question, was not in accordance with the understanding of deponent or petitioner."

Upon the petition and affidavits the court, upon the twenty-sixth day of July, 1888, denied the rehearing, and on the same day entered a decree that the compensation of the said trustees be fixed and paid at the sum of $100.

The defendants appeal to this Court from such supplemental decree, and also from the order denying a rehearing.

The original decree was one entered by consent, and we are not prepared to say from the record that the defendant Gilbert G. McDuff was induced to agree to the same by any misrepresentations of his solicitor. It is apparent that he knew what the decree was, and that, had the matter of compensation been properly determined according to his understanding of the agreement, and been sufficient in amount, he would have been satisfied with it. The re-opening of the matters settled in the decree of May 5, 1888, was properly denied.

But we are satisfied that the supplemental decree ought not to stand as far as the compensation of defendant McDuff is concerned. The consent decree testifies to the honesty and integrity of Gilbert G. McDuff in his administration of the trust-estate. And the record shows that his accounts were examined by the complainant, Hodges, and found to be correct. The defendant McFedries has assigned to the defendant McDuff his claim for compensation as trustee, and now claims nothing for himself.

The record shows that for about eight years the property was managed by the defendants in such manner that no serious fault can be found by the complainant. For the last

fifteen months before the taking of testimony in the case, the due administration of the trust required the defendant McDuff to close up his business in Cincinnati, Ohio, where he was living, and remove to Detroit. Since such removal it would appear that nearly his whole time has been taken up with the affairs of the estate, and of his father and mother, both old and feeble, and requiring much time and attention. He has never received any compensation, except, perhaps, for some days' labor.

We think he is entitled to a rehearing in this respect. It appears that no evidence was offered or received, before the consent decree, showing the value of the services of the trustees, although the nature and extent of the services were inquired into incidentally in the investigation of the conduct of the defendants while acting as trustees.

It is evident that the understanding was, as claimed by the defendant McDuff, that opportunity should be given him to establish the value of the services of the trustees before their compensation was fixed by the court. We are satisfied also that the compensation cannot be justly fixed upon the record before us. Further proof and explanation was necessary before the court below could well determine the amount defendant McDuff was entitled to for the work of himself and his co-trustee.

We are not satisfied from the showing before us that the defendant had the opportunity of proving the value of such work before the supplemental decree was entered. No testimony appears in the record after the entering of the consent decree, and it would seem that the court fixed the amount upon the testimony taken before such decree.

The supplemental decree will not be disturbed as far as the allowance to Mr. Cheever is concerned, but the balance of it is vacated and set aside, and the cause remanded to the circuit court for the county of Wayne, in chancery, to take further proofs, and to fix the compensation of said trustees

upon the evidence already in the record, and such further
testimony as may be taken under this order. The defend-
ant McDuff will recover his costs in this Court against the
estate of the incompetent.

The other Justices concurred.