## HAY ET AL. v. McDANELD.

[No. 19,052. Filed April 2, 1901.]

RECEIVERS.—*Appointment.*—*Final Decree.*—Where a life tenant fails to pay taxes, assessments, etc., and at the suit of the remainderman a receiver is appointed to take charge of the property, the decree is a final one, from which an appeal lies, under §§632, 633 Horner 1897. *pp. 390, 391.*

SAME.—*Appeal.*—*Statutes Construed.*—Section 1231 Horner 1897, allowing appeals from orders appointing or refusing to appoint receivers to be taken within ten days, does not curtail the right to challenge the appointment or refusal embodied in the final decree by appeal within one year. *pp. 390, 391.*

SAME.—*Appointment.*—*Appeal.*—An appeal from a final decree appointing a receiver must be taken primarily to the Appellate, and not to the Supreme Court. *p. 391.*

From the Clark Circuit Court. *Transferred to Appellate Court.*

*J. G. Howard,* for appellants.
*L. A. Douglass,* for appellee.

PER CURIAM.—Appellee's motion to dismiss presents the question whether the appointment of the receiver was by interlocutory order or final decree. If by interlocutory order, the appeal must be dismissed because not taken within ten days from the appointment of the receiver.

The complaint of appellee, as remainderman, charged appellant, as life-tenant, with failure to pay taxes, assessments, etc., and asked the appointment of a receiver to take charge of the property and apply the rents to the payment of taxes, repairs, etc. The appointment of the receiver was not prayed for nor made *pendente lite.* Appellant demurred to the complaint unsuccessfully, and then answered. After trial, upon the issues joined, the court entered the decree appealed from. Appellants' motion for a new trial was overruled. This appeal was taken more than ten days, but less than one year, after the entry of the decree.

The decree disposed of all the issues tendered by the parties, and devested appellant of the right of possession. It put an end to the particular case, and was therefore final. Elliott's App. Proc. §85; 13 Am. & Eng. Ency. of Law, (2nd ed.) pp. 24-28; *Hodges* v. *McDuff,* 69 Mich. 76, 36 N. W. 704; *Savings Bank* v. *Reilly,* 8 Mo. App. 544. Being final, an appeal therefrom could be taken within one year. §§644, 645 Burns 1894, §§632, 633 R. S. 1881 and Horner 1897. The general right of appeal from all final judgments and decrees was not intended to be limited by the subsequent enactment of the provision allowing appeals from orders appointing or refusing to appoint receivers to be taken within ten days. §1245 Burns 1894, §1231 R. S. 1881 and Horner 1897. This gave the additional right to test the validity of the order "without awaiting the final determination of the case", but did not curtail the preëxistent right to challenge the appointment or refusal embodied in the final decree by appeal within one year. *Buchanan* v. *Berkshire Life Ins. Co.,* 96 Ind. 510.

By the provisions of §§9 and 12 of the act of 1901 (Acts 1901, pp. 566, 568), appeals from interlocutory orders appointing or refusing to appoint receivers are appealable directly to this court; but appeals of the class to which this belongs, though the final decree provides for the appointment of a receiver, must be taken primarily to the Appellate Court.

Motion to dismiss overruled, and cause transferred to Appellate Court.

Dowling, C. J., did not participate.