HORNING *v.* SAGINAW CIRCUIT JUDGE.

1. Equity — Jurisdiction — Judgment — Modifying Stipulated
   Decree—Compromise and Settlement.
   After the entry of a decree by stipulation of the parties, in a
   suit to declare a trust in lands purchased by defendant, un-
   der the terms of which decree the complainant should pay a
   definite amount within sixty days or forfeit all interest in
   the property, the court is unauthorized in modifying the
   decree upon petition of the complainant so as to give him an
   additional period of time in which to obtain the money; no
   mistake or fraud being shown.

2. Mandamus—Appeal and Error—Final Order—Equity.
   The writ of mandamus will not issue to vacate the order modi-
   fying the final decree, since it is reviewable on appeal.

Mandamus by Washburn Horning to compel William R.
Kendrick, circuit judge of Saginaw county, to vacate an
order amending a decree.   Submitted May 3, 1910.
(Calendar No. 23,928.)   Writ denied May 9, 1910.

*Julius B. Kirby*, for relator.

*Thomas G. Baillie*, for respondent.

Brooke, J.   Relator was defendant in a chancery
proceeding, in which he was charged with having pur-
chased certain lands and securities as trustee for the com-
plainant therein.   He filed an answer to the bill of com-
plaint, but before proofs were taken the parties to the
cause agreed upon a settlement of the matters in dispute,
and on January 3, 1910, a consent decree was entered, by
the terms of which complainant was to pay the relator the
sum of $6,000 on or before February 15, 1910, with in-
terest from February 1, 1910.   Upon the payment of said
sum, relator was to transfer and convey the property in
dispute to the complainant.   In default of the payment of
said sum on or before said date, the property in dispute

was to become the property of relator, free from any claim of complainant, and the bill of complaint be dismissed. On February 15, 1910, complainant filed a petition for an extension of 60 days in which to pay the $6,000. A hearing was had on said petition on February 21, 1910, and a supplemental decree was made on February 24, 1910, extending the time of payment to March 31, 1910. This was done over the protest of relator. No fraud or mistake was shown upon the hearing, but the amendment to the decree was made, as recited therein, for the reason that the complainant had acted in good faith, but had been disappointed in its efforts to raise the money, and that if the additional time were not granted complainant would be greatly damaged, and its property largely sacrificed, while the defendant (relator) would not be seriously injured by the extension. Relator asks for a writ of mandamus to compel the vacation of the amended decree.

It is elementary that a decree by consent cannot, in the absence of fraud or mistake, be set aside by rehearing, or on appeal; nor can it be modified without the consent of the parties. *Russell* v. *White*, 63 Mich. 409 (29 N. W. 865); *Hodges* v. *McDuff*, 76 Mich. 303 (43 N. W. 428); 18 Enc. Pl. & Prac. p. 5, and cases cited. This proposition is not denied by the respondent; but it is urged that the amended decree, which provides merely for an extension of time in which the money is to be paid, is not an alteration of the decree.

We are unable to agree with this contention. The record shows that a part of the property in dispute consisted of a gravel pit, which both parties desired to operate. Relator is prevented by injunction from operating during the pendency of the suit. It is apparent to us that the element of time was of the very essence of the agreement, which ripened into a decree. If the court below could extend the time once for a month, it could again extend it for a further period, and thus render the decree less valuable, or even useless, to the party not consenting

to the change. A reduction of the sum to be paid might easily be less injurious to the rights of relator than an extension of the time for payment.

The question of the propriety of the remedy (mandamus) sought by the relator, while not raised by the respondent, forces itself upon our attention. It seems clear that the order extending the time of payment, which by its terms stands as a supplemental decree, is a final order, and that review thereof can be had only by appeal. Having indicated our views upon the merits, however, it is probable that a proper order will be entered by the learned circuit judge, upon the application of relator, without necessitating the delay incident to an appeal.

The writ will be denied, but without costs.

OSTRANDER, HOOKER, MCALVAY, and STONE, JJ., concurred.