KIST ET AL. *v.* COUGHLIN, TRUSTEE ET AL.

[No. 26,463. Filed May 1, 1936. Rehearing denied November 19, 1936.]

624

*James R. Fleming, M. V. Skinner, R. D. Wheat, Frederick S. Caldwell, Russel Wise, James J. Moran, Owen S. Boling* and *David A. Myers,* for appellants.

*George Koons, Robert L. Smith, William H. Eichhorn, John W. Macy, Richard L. Ewbank* and *Hottel, Mote & Smith,* for appellee.

FANSLER, J.—Appellee, Jane B. Coughlin, as trustee, began this action by filing a complaint, in the caption of which it appears that she, together with the Portland Republican Company and the Sun Publishing Company are plaintiffs, but in the body of which it clearly appears that those companies and all of the other parties to this appeal were defendants, and that she alone, as trustee, was plaintiff. Thereafter, upon leave of court, she filed an amended complaint with the same parties plaintiff and defendant, in which she alone, as trustee, appears in the caption as plaintiff. In the original complaint a receiver was asked for the property of a partnership alleged to have existed between appellant Alfred A. Kist and appellee Morton S. Hawkins, and it is alleged that, in acquiring his interest in the partnership, Morton S. Hawkins acted for, and with the funds of, appellee Genevra I. Hawkins. A receiver was also asked

for the Portland Republican Company and the Sun Publishing Company, both corporations, on the theory that the entire stock of those corporations was the property of the partnership, and that the property of the partnership had been commingled with the property of the corporations. In the amended complaint a receiver is asked for the partnership property, but not for the property of the corporations. The basic facts relied upon by plaintiff were the same in both paragraphs. The relief sought was slightly different. The original complaint was taken out of the record by the filing of the amended complaint.

Upon the petition of the plaintiff, the court heard evidence, found the facts specially, filed conclusions of law, and entered an order or judgment determining that a partnership existed between Morton S. Hawkins and Alfred A. Kist, that the interest of Morton S. Hawkins and Genevra I. Hawkins in the partnership property had been assigned to the plaintiff, ordering a dissolution of the partnership, and an accounting, and appointing a receiver for the partnership property. The judgment recites that, by agreement of the parties entered into before the hearing, it was agreed that if a partnership were found to exist, and a receiver was appointed for the partnership property, a determination of the issue raised upon an accounting should be deferred for future trial. After the court's determination of these questions was announced, it was agreed between the parties that the entry of judgment might be deferred a sufficient length of time to permit appellants to procure a transcript of the record and file the same within the time provided by statute for taking appeals from interlocutory orders. This was done, and the judgment was entered as of the 14th day of June, 1934, and the tran-

script and the assignment of errors were filed in this court on June 22, 1934.

Errors are assigned upon the action of the court in appointing a receiver, and also on the rulings of the court upon appellants' motion for a new trial, on the refusal of the court to grant a change of venue, upon the rulings on demurrers, upon the action of the court granting an injunction, and upon the conclusions of law.

Appellants insist that this is an appeal from a final judgment, and not from an interlocutory order. It has been held by this court in numerous cases that a final judgment is one disposing of all of the issues and the whole controversy as to all of the parties, and that a judgment which does not show final disposition of the issues is not final. The judgment here does not purport to dispose of all of the issues. Appellants say that there is no basis for the statement in the judgment that, by agreement of the parties, the determination of certain issues was to be deferred for future trial. But it is apparent, from the face of the judgment, that the court did not attempt to finally determine all of the issues. If the judgment is final, jurisdiction of the appeal is in the Appellate Court, and not in this court, and if there is an intervening interlocutory order, jurisdiction to review that order for error on an appeal from a final judgment is in the court having jurisdiction of the appeal from the final judgment. *Hay et al.* v. *McDaneld* (1901), 156 Ind. 390, 59 N. E. 1064. But appellants procured a delay in entering the judgment so that they might appeal to this court, which has jurisdiction of appeals from interlocutory orders, within the time for perfecting such appeals, and made no attempt to appeal to the Appellate Court, which would have jurisdiction of a final judgment in the case. In the transcript of the record filed by appellants they have described the judgment in the marginal notes as "Interlocutory Decree." Appellants have

made no effort to have the appeal transferred to the Appellate Court, where jurisdiction from a final judgment in the case would lie. It is clear that the court below considered the order or judgment as interlocutory. It must be concluded that the appeal is from an interlocutory order.

Appellees timely filed a motion to dismiss the appeal for misjoinder of parties. The assignment of errors names appellees in the following order:

"Jane B. Coughlin, Trustee,
Portland Republican Company,
Sun Publishing Company,
Morton S. Hawkins,
Genevra I. Hawkins,
 Appellees."

It is appellees' contention that, since there is no comma after the name "Jane B. Coughlin, Trustee," she must be considered as named as the trustee for Portland Republican Company and Sun Publishing Company, whereas in the judgment she is found to be the trustee for Morton S. Hawkins and Genevra I. Hawkins. But the omission of a comma cannot have such a serious effect. Appellees could not have been misled. The motion to dismiss is overruled.

On an appeal from an interlocutory order appointing a receiver, the only questions which will be considered are whether the court had jurisdiction, whether the action was one in which a receiver might be appointed, and whether the facts most favorable to appellees justify the appointment. *Continental Clay & Mining Co.* v. *Bryson* (1907), 168 Ind. 485, 81 N. E. 210. The sufficiency of the complaint to withstand a demurrer will not be determined, but it will be looked to in considering the necessity for the appointment. *Levin et al.* v. *Florsheim & Co. et al.* (1903), 161 Ind. 457, 68 N. E. 1025; *Guynn et al.* v. *Newman* (1910), 174 Ind.

161, 90 N. E. 759. In such cases a motion for a new trial is not contemplated. *Shoemaker* v. *Smith* (1881), 74 Ind. 71; *Portage Brick Co.* v. *North Indiana Brick Co.* (1920), 189 Ind. 639, 128 N. E. 847. Special findings of fact and conclusions of law are not contemplated by the practice. All questions which may be raised are sufficiently saved by an exception to the action of the court in appointing a receiver. In view of these well-settled rules, no question is presented by the assignment of errors based upon the rulings on the motions for a new trial, and the demurrers, or upon the conclusions of law; and the only errors assigned which will be considered are those based upon the action of the court in appointing a receiver and granting an injunction.

The injunction merely restrains appellants from interfering with the receiver, or his possession of the partnership property. It is in aid of the receivership. Appellants would have had no right to do the things enjoined, even in the absence of an injunction. Therefore they are not harmed, and there is no reversible error, even though there may have been no evidence that they intended to do the things enjoined.

The trial court has jurisdiction of actions for accounting between partners, and for dissolution of partnerships, and to appoint receivers for partnership property, and to preserve the same pending an accounting and liquidation. The complaint sufficiently alleges that there is a partnership, and that defendants are in possession of partnership property, and are refusing to account therefor. There is evidence supporting those allegations, and identifying certain property as belonging to the partnership. It may be concluded from the evidence most favorable to appellee that the partnership was conceived for the purpose of eventually acquiring and operating three newspapers; that the appellee Morton S. Hawkins financed the enterprise,

and that Alfred A. Kist was the managing partner; that the funds advanced were the property of Genevra I. Hawkins; that, as the first step, the partnership acquired the common capital stock of one of the newspapers, which had theretofore been the property of the Hawkinses, and that appellant Kist went into the control and management of that paper; that the paper was operated at a loss, and, pursuant to the partnership agreement, Hawkins furnished the funds with which to meet the deficits; that thereafter the preferred stock and certain obligations of the corporation, which had been the property of Hawkins, were turned over to the partnership; that eventually, and pursuant to the original plan, another newspaper was acquired by the partnership, by means of procuring control of its capital stock, and eventually all, or practically all, of its stock; and that thereafter the property of the third newspaper was acquired by the partnership; that the stock in the second newspaper and the property of the third newspaper were taken in the name of appellants, and not in the name of the partnership; that the corporations and the newspapers were operated by appellants as a family enterprise, and that income from the properties was diverted to the use of appellants in acquiring other property; that appellants are claiming all of the partnership property as their own, and are refusing to account.

It is contended by appellants that if there was a partnership it had for its purpose the control and management of corporations contrary to public policy, and that therefore the contract will not be recognized in a court of equity. But it does not appear that there was any unlawfulness in the purposes of the partnership. No reason is suggested why a partnership may not own stock in corporations, and by this means control their management and operation, and through dividends receive the profits. But if it were against

public policy that fact could hardly be taken advantage of by the partner in possession of partnership property as a reason for not accounting to his partners for their share of the property.

It is contended that a receiver cannot be appointed for a partnership that does not exist, and that there can be no dissolution of such a partnership; that Morton S. Hawkins had disposed of all of his rights in the partnership to his mother, and that she, never taking an active part in the business, and never having been admitted to the partnership, a partnership did not exist; and that the appointment of a trustee would terminate the partnership, if it had not theretofore been terminated; that a trustee could no more be a member of a partnership than a receiver, an assignee, a guardian, or an administrator. But receivers are not appointed for partnerships; they are appointed to take charge of partnership property. If the partnership had been terminated, the partner having possession of the partnership property could be required to account for and distribute the property. The sale by a partner of his interest in partnership property does not of itself terminate the partnership. It is merely cause for dissolution. It is inconsistent for a partner in possession of partnership property, and insisting upon retaining possession, to contend that there is no partnership, and therefore that there can be no dissolution or receiver for the partnership property for which he has refused to account. A partner in possession of partnership property, and exercising management and control over it, may not elect to treat the partnership as terminated and retain all of the property for himself.

Appellants contend that Morton S. Hawkins and those claiming under and through him abandoned their claims

to an interest in the property for which they are now contending, and that, by failure for a long period to claim that there was a partnership, their claim has become stale, and therefore that they should not recover. But there is evidence that when Morton S. Hawkins was sentenced to a term in prison he was assured by Alfred A. Kist that his interest in the partnership would be taken care of; that it was never discovered that Kist was making any claim that the Hawkinses had no interest in the partnership until late in 1931; that thereafter demands for an accounting were made upon him. This action was begun in March, 1933. The partnership was not profitable in the beginning, and it may be inferred that Morton S. Hawkins felt that all of its resources were required in acquiring the second and third newspapers, and that he did not anticipate the possibility of profits or an accounting at an earlier date.

It is contended that there is a variance between the allegations of the complaint and the evidence. But, if this is true, the issues are still open and the complaint may be amended before final judgment.

After the court had announced its findings, and that a receiver would be appointed, and it had been agreed that the entry of judgment appointing the receiver would be postponed to permit the preparation of a transcript to be used in an appeal within the statutory time, a supplemental complaint was filed making certain new parties defendant. Before the judgment was entered, these new parties filed a motion and affidavit for a change of venue from the county, which appears not to have been ruled upon before the entry of the judgment appointing the receiver. These new parties are not parties to the judgment appointing the receiver, and are not made parties to this appeal. The mo-

tion for a change of venue from the county could not deprive the court of jurisdiction to enter a judgment which had already been announced and which was being withheld merely for the accommodation of appellants. A motion for a change of venue from the county does not deprive the court in which it is filed of jurisdiction to appoint a receiver where such appointment is ancillary to the main action. *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453.

On March 23, 1936, one Urban T. Bonifas filed a petition asking that he be ordered substituted as appellee herein as the real party in interest in the judgment appealed from. Notice of this petition was not served upon appellees until April 7th, the date on which the case was argued orally. On April 20th appellees filed an answer in abatement, and have tendered an answer controverting the facts alleged in the petition. Whether a petition to be substituted as appellee in this court, over the objection of appellees of record, will lie, we need not decide. The judgment appealed from is interlocutory and is affirmed. The principal action is still pending for determination below, where any rights which the petitioner has may be asserted and fully protected. The petition to be substituted as appellee is dismissed.

Judgment affirmed.

### ON PETITION FOR REHEARING AND MOTION TO MODIFY MANDATE.

FANSLER, J.—Appellants filed a petition for rehearing and a motion to modify the mandate heretofore entered. The petition for rehearing presents nothing that was not considered and passed upon in the opinion, and it is denied. In the motion to modify the mandate it is suggested that there is ambiguity and uncertainty as to the character of the mandate, and

that the mandate be modified to include certain directions concerning the record in the court below as it may affect the final judgment to be entered. The only question of which this court took jurisdiction on the appeal was the sufficiency of the showing to authorize the appointment of a receiver *pendente lite* and the injunction described in the opinion. The opinion is limited to an affirmance of the action of the trial court in respect to those ancillary actions. An appeal from an interlocutory order gives this court no jurisdiction to direct or advise the trial court concerning the force and effect to be given its intermediate rulings or orders in arriving at its final judgment. Motion to modify the mandate is overruled.