WILLIAMS v. LAKELAND CONVALESCENT CENTER, INC.

1. UNEMPLOYMENT COMPENSATION—APPEAL—SCOPE OF REVIEW.
    Test to be applied by appellate court in reviewing findings of fact of employment security appeal board, which under employment security act was whether or not finding of board was contrary to great weight of evidence, has been modified by new Constitution and is now whether finding is "supported by competent, material, and substantial evidence on the whole record" (Const 1963, art 6, § 28; CLS 1961, § 421.38).

2. SAME—APPEAL BOARD—FINDING—EVIDENCE.
    Finding of employment security appeal board, that claimant was discharged for misconduct in connection with her work, and not for union activity, *held*, supported by competent, material, and substantial evidence, where there was testimony that claimant, a cook in convalescent home, neglected her duties in kitchen, fed other employees from employer's food supplies contrary to employer's rule, and spread slanderous story about employer's improper relations with another employee, as against her testimony that she was discharged because of her activities in organizing a labor union among employees (CLS 1961, § 421.29).

————————

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 49.
[2] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 36, 38.
[3, 4] 5 Am Jur 2d, Appeal and Error §§ 727, 785.

3. SAME—WRONG TEST—RIGHT RESULT.

Trial court's result by application of wrong test in determining
that decision of employment security appeal board was not
contrary to great weight of evidence is not disturbed on appeal
where result reached was correct under record showing that
appeal board's decision was "supported by competent, material,
and substantial evidence on the whole record" (Const 1963, art
6, § 28; CLS 1961, §§ 421.29, 421.38).

4. APPEAL AND ERROR—REASON FOR DECISION—RESULT.

Trial court's correct disposition of case will not be disturbed
because court gave wrong reason for its decision.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted Division 1 April 6, 1966, at Detroit. (Docket No. 968.) Decided October 11, 1966.

Lucille Williams presented her claim for unemployment compensation after being discharged from employment by defendant Lakeland Convalescent Center, Inc. Employment security commission determined that she was eligible, and employer appealed. Employment security appeal board reversed, and plaintiff appealed to Wayne circuit court. Appeal board decision affirmed. Plaintiff appeals. *Affirmed.*

*Henry Glicman* (*James E. Haggerty, Jr.,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Arthur W. Brown,* Assistant Attorney General, for defendant Michigan Employment Security Commission.

HOLBROOK, J. Plaintiff and appellant filed a claim for compensation under the provisions of the Michigan employment security act,[1] August 29, 1963. On

[1] PA 1936, No 1 as amended (CL 1948, § 421.1 *et seq.* [Stat Ann 1960 Rev § 17.501 *et seq.*]).

October 2, 1963, the employment security commission issued a determination holding plaintiff was entitled to compensation. Defendants-appellees protested this determination and the commission made a redetermination which affirmed the original finding. A referee affirmed the redetermination on November 29, 1963, and defendants-appellees appealed to the employment security appeal board, which reversed the referee's decision and held the plaintiff was discharged for misconduct connected with her work, and therefore, disqualified from benefits under the act.

Plaintiff appealed to the circuit court for Wayne County and the decision of the appeal board was upheld in the opinion dated May 19, 1965, by the Honorable Neal Fitzgerald. Judgment was entered in accordance with the court's opinion on June 7, 1965, and plaintiff has taken this appeal therefrom.

The pertinent facts appear to be as follows: Plaintiff was employed as a cook from December 16, 1961, to August 19, 1963, for the Lakeland Convalescent Center, Inc., which was engaged in care for the aged. On the latter date plaintiff was discharged for alleged misconduct in connection with her employment. Included in the claimed acts of misconduct was the spreading of slanderous remarks concerning the moral conduct between her employer and an employee. A nurse's aide and occasional relief cook testified positively that the plaintiff had told her that her employer and a named employee were having improper relations. Other allegations of improper conduct of plaintiff were permitting other employees to take their breakfast in the kitchen contrary to rules, increasingly inferior cooking, and clocking out early without permission, which was testified to by the hospital administrator. Plaintiff asserts that the reasons set forth by defendant for discharge were used as a

pretext to cover up the real reason which she claims was her union organizational activities. The employees of Lakeland Convalescent Center, Inc., held an election on September 20, 1963, to determine if they would be represented in contract negotiations by Local 79, Building Service Employees' International Union, AFL-CIO. The vote was 5 to 3 for the union; subsequently, however, the Michigan labor mediation board set aside the election because plaintiff's union activities had been "of such a character and nature as to create an atmosphere of confusion or fear of reprisal."

The Honorable Neal Fitzgerald, Circuit Judge, in his opinion stated in part as follows:

"It is the appellant's contention that the real reason for her discharge was because she engaged in union activities. In reaching its conclusion the appeal board overruled the decision of the referee. Counsel for the appellant, in his brief, cites many national labor relations board cases to the effect that it is unlawful to discharge an employee for good and sufficient reasons if even a partial reason for the discharge is the engaging of the employee in union activities.

"Sec. 38 of the Michigan employment security act,[2] under which this appeal was instituted, reads as follows:

" 'The findings of fact made by the appeal board acting within its powers if supported by the great weight of the evidence, shall, in the absence of fraud, be conclusive, but the circuit court of the county, in which the claimant resides or in which the employer's principal place of business in Michigan is located, if no claimant is a party to the case, or the circuit court for the county of Ingham shall have power to review questions of fact and law on the record made before the referee and the appeal board

[2] CLS 1961, § 421.38 (Stat Ann 1960 Rev § 17,540).—REPORTER.

involved in any such final decision, but said court may reverse such decision of said appeal board upon a question of fact only if it finds that said decision of the appeal board is contrary to the great weight of the evidence.'

"From this section it is clear that this court in reviewing the decision of the appeal board may reverse upon a question of fact only if it finds that the decision of the board was contrary to the great weight of the evidence. The following Michigan cases take this view: *Knight-Morley Corp.* v. *Employment Security Commission,* 350 Mich 397; *Peaden* v. *Employment Security Commission,* 355 Mich 613; *Miller* v. *F. W. Woolworth Company,* 359 Mich 342; *Bedwell* v. *Employment Security Commission,* 367 Mich 415; *Booker* v. *Employment Security Commission,* 369 Mich 547; *Dynamic Manfrs., Inc.,* v. *Employment Security Commission,* 369 Mich 556.

"This court has carefully read all of the testimony before the referee and is cognizant of the fact that there is a clear difference of opinion as to the reasons for the discharge of the appellant. However, the appellant herself appears to be the only one that testified that she was discharged for union activity, and opposed to that view is much clear and substantial testimony to the effect that she did neglect her duties in the kitchen, that she did feed the employees from the ice box, and—most importantly —that she did slander her employer in a very malicious fashion. By no stretch of the imagination could it be concluded by this court that the decision of the employment security appeal board was contrary to the great weight of the evidence. The appeal was brought under the Michigan employment security act and must be decided in accordance with the clear provisions of that act with regard to methods of review. Under section 38, as pointed out above, this court may not reverse on a question of fact unless the finding of the appeal board is against the great weight of the evidence. The finding of the board is therefore affirmed."

The appellant claims that in reviewing the appeal board's decision the rule set forth in Michigan Constitution 1963, art 6, § 28 is controlling, and not the rule used by the circuit judge. It is as follows:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. *This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.* Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law." (Emphasis supplied.)

The rule applied by the trial court was that contained in section 38 of the Michigan employment security act: "this court may not reverse on a question of fact unless the finding is against the great weight of the evidence" which is now modified to: "in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence", as provided in the Michigan Constitution 1963, *supra*. This Court concludes that there was competent, material and substantial evidence, present on the whole record, that plaintiff was discharged for misconduct in connection with her work, as verified by the trial judge's findings as contained in his opinion. Although the circuit court affirmed the appeal board's decision upon the premise that, the decision "was not contrary to the great weight of the evidence," instead of upon the premise "that there was competent material and substantial evidence on the whole record, that plain-

tiff was discharged for misconduct," such affirmance was correct and proper. A trial court's correct disposition of a case will not be disturbed because a wrong reason is given for its decision.

Affirmed. Costs to appellees.

J. H. GILLIS, P. J., and McGREGOR, J., concurred.