BLASKE *v.* BLASKE

1. JUDGMENT—CONSENT JUDGMENT—MODIFICATION.
   A consent judgment will not be set aside or modified, in the absence of fraud or mistake; a consent judgment cannot be modified without the consent of the parties.

2. JUDGMENT—FRAUD—FRAUD KNOWN BY PARTIES.
   Refusal to hear argument, on the husband's motion to modify an already modified consent judgment of divorce, that the original judgment of divorce was obtained by fraud was proper where the alleged fraud affecting the original judgment was known by the defendant at the time he consented to the modified judgment, because the original fraud, even if proven, would not have been fraud going to the entry of the modified judgment.

3. DIVORCE—JUDGMENT—CONSENT JUDGMENT—MISTAKE OF LAW—ERRONEOUS LEGAL ADVICE.
   A consent judgment of divorce fixing alimony will not be changed where the husband contended that he consented because of incorrect legal advice given him by his own counsel, because such a mistake is a mistake of law and is not sufficient grounds for equitable relief.

Appeal from Washtenaw, James R. Breakey, Jr., J. Submitted Division 2 December 15, 1970, at Lansing. (Docket No. 8405.) Decided April 27, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 46 Am Jur 2d, Judgments §§ 765, 1089, 1097.
   Power to open or modify "consent" judgment. 139 ALR 421.
   Res judicata as affected by fact that former judgment was entered by agreement or consent. 2 ALR2d 514.
[3] 24 Am Jur 2d, Divorce and Separation § 450.

Complaint by Helen J. Blaske against Raymond J. Blaske for divorce. Judgment for plaintiff. Defendant's motion to amend the judgment as to alimony denied. Defendant appeals. Affirmed.

*Erwin A. Salisbury,* for plaintiff.

*Jack J. Garris,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

PER CURIAM. On October 12, 1965, an uncontested divorce was granted plaintiff, Helen J. Blaske. The divorce judgment granted her $40 per week alimony to continue until her death, remarriage, or further order of the court. This original divorce judgment dated October 12, 1965, was approved by the husband and his attorney. In May of 1966 the defendant filed a motion in the trial court seeking to amend the judgment alleging in his motion that his approval of the original divorce judgment for the payment of $40 per week alimony was induced by fraud on the part of plaintiff consisting of affirmative misrepresentations to defendant and to the Friend of the Court regarding the condition of her health and her employment at that time. Interrogatories were taken and on November 18, 1966, an amended judgment was entered by consent of both parties. The amended judgment reduced the alimony to $22.50 per week.

On October 6, 1967, defendant again filed motion to modify the already modified divorce judgment. He set forth three counts in this motion: count one asked for the elimination of alimony because of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

alleged fraud of plaintiff that existed at the time the original divorce judgment was entered, count two asked for the elimination of alimony on the basis that he consented to the amended judgment of November 18, 1966, because his counsel had erroneously informed him that as a matter of law it would be impossible to completely eliminate the payment of alimony, and count three alleged that, considering all of the circumstances, alimony should not be continued.

The trial court entered an order on July 11, 1968, that it would not hear evidence as to the first two counts but did conduct an evidentiary hearing on count three and found there was not a showing of sufficient change in circumstance to warrant a modification of the alimony award. It is from these rulings that defendant appeals.

The trial court refused to hear testimony about the original fraud alleged to have existed at the time the original judgment was entered because the question of fraud had merged with the consent amendment to the original judgment entered November 18, 1966. Since the alleged fraud which affected the entry of the original divorce judgment was within the knowledge of the defendant at the time he consented to the entry of the amended judgment, it can hardly be claimed that such fraud induced the amended judgment. It was therefore proper for the trial court to refuse to hear testimony as to the question of original fraud because such original fraud even if proved would not be fraud going to the entry of the amended consent judgment. A consent judgment cannot, in the absence of fraud or mistake, be set aside by rehearing or on appeal; nor can it be modified without the consent of the parties. *Russell* v. *White* (1886), 63 Mich 409;

*Hodges* v. *McDuff* (1889), 76 Mich 303; *Horning* v. *Saginaw Circuit Judge* (1910), 161 Mich 413.

The trial court also properly refused to hear testimony as to the alleged erroneous legal advice given defendant by his attorney which defendant asserts induced him to consent to the amended judgment of November 18, 1966. To the extent defendant did consent to the amended judgment in reliance on erroneous legal advice from his attorney, the mistake was one of law and as such is not ground for equitable relief. *Schmalzriedt* v. *Titsworth* (1943), 305 Mich 109; *Sinka* v. *McKinnon* (1942), 301 Mich 617; *Crane* v. *Smith* (1928), 243 Mich 447. It would have served no useful purpose for the trial court to have heard testimony as to the alleged misinformation defendant claims he received from his attorney, because, even if proved, it would not warrant the relief prayed for.

The amended divorce judgment was consented to by defendant and it was not induced by fraud; defendant will not be heard now on his allegation that the alimony he agreed to was excessive.

Finally, as to count three, the record adequately supports the trial court's finding that there was no change of circumstance substantial enough to warrant a further modification of the alimony agreement.

Affirmed.