CASTRO v GOEMAERE

Opinion of the Court

1. Administrative Law—Administrative Agencies—Powers—Statutes.

Administrative agencies are creatures of statute and their powers are limited by the statutes creating them to those conferred expressly or by necessary or fair implication.

2. Automobiles—Uninsured Motorists—Motor Vehicle Accident Claims Fund—Consent Judgment—Setoff.

There is neither express provision nor implied power within the Motor Vehicle Accident Claims Fund Act to permit the Secretary of State to set off, either administratively or judicially, an unrelated judgment paid on behalf of an uninsured motorist against a prior consent judgment entered against the fund in favor of the same uninsured motorist (MCLA 257.1101 et seq.).

Dissent by Danhof, J.

3. Judgment—Consent Judgment—Setting Aside Judgment.

*A consent judgment is in the nature of a contract to which a court has given its formal approval and cannot be opened, changed, or set aside without the further assent of the parties in the absence of fraud, duress, or mistake.*

4. Automobiles—Uninsured Motorists—Motor Vehicle Accident Claims Fund—Consent Judgment—Setoff.

*A trial court has the authority to determine whether the Motor Vehicle Accident Claims Fund should be permitted to set off an unrelated judgment paid on behalf of an uninsured motorist against a consent judgment entered against the fund in favor of the same uninsured motorist because the Motor Vehicle Accident Claims Fund Act provides that a trial court make a finding or determination in respect of any matter in connection*

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 8, 49, 50, 204.
[2, 4] 7 Am Jur 2d, Automobile Insurance §§ 135–138.
[3] 47 Am Jur 2d, Judgments §§ 897, 1080–1095.

*with the application for payment out of the fund, and because
courts have the authority to order setoff of mutual judgments
(MCLA 257.1107[2]).*

Appeal from Oakland, Frederick C. Ziem, J.
Submitted Division 2 December 5, 1973, at Lansing. (Docket No. 16547.) Decided April 30, 1974.

Complaint by Benansio S. Castro and Juan Castro against Orton H. Goemaere for damages resulting from an automobile accident. The Secretary of State, acting for the Motor Vehicle Accident Claims Fund, consented to judgment in plaintiffs' favor, and later asserted as a setoff a judgment paid on behalf of Benansio S. Castro as an uninsured motorist. Plaintiff Benansio S. Castro's motion to set aside the consent judgment was denied. Plaintiff appeals by leave granted. Affirmed as modified.

*Wilson, Portnoy, Basso, Keller & Avadenka,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for the Motor Vehicle Accident Claims Fund.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J. The two-part issue for our consideration is:

*Whether the Motor Vehicle Accident Claims Fund Act grants the Secretary of State the power to, either administratively or judicially, set off an*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*unrelated judgment paid on behalf of an uninsured motorist against a prior consent judgment entered against the fund in favor of the same uninsured motorist.*

Separate claims against the fund created by the Motor Vehicle Accident Claims Act (MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.)* have created this unique issue not previously considered. In this action plaintiff Castro and the Secretary of State, who was acting for the fund, consented to judgment in plaintiff's favor. The judgment was compensation for damages incurred when plaintiff was injured in a collision with an uninsured motorist. Subsequently, plaintiff, also an uninsured motorist, having lent his automobile to his brother, had judgment rendered against him as a result of an independent accident. The fund apparently satisfied this judgment on plaintiff's behalf.

Having paid a judgment against plaintiff, the Secretary then informed plaintiff by letter that his debt to the fund would be set off against the fund's consented liability to the plaintiff. A check was tendered for the difference. Plaintiff returned the draft and responded by filing a "petition" (motion? GCR 1963, 528.3), in circuit court seeking to have the consent judgment set aside. This petition was ultimately denied. We granted plaintiff's delayed application for leave to appeal this order of denial.

The Secretary argues, and we agree, that there is nothing in the act which *specifically* prohibits the Secretary from setting off the judgments. In the absence of an express grant of power the question becomes whether the power is to be implied from the provisions of the act. It is fundamental administrative law that administrative agencies are the creatures of statute. The power they exercise is dependent on the grant in the

statute. "[T]hey must find within the statute warrant for the exercise of any authority which they claim." 1 Am Jur 2d, Administrative Law, § 70, p 866.

The Michigan Supreme Court quoted American Jurisprudence with approval[1] in *Coffman v State Board of Examiners* and declared:[2] "Their [agencies] powers are limited by the statutes creating them to those conferred expressly or by necessary or fair implication". We consider, first, § 7(2) of the act, which provides:

"Where an application is made under this section, the secretary, at any time within 30 days of the receipt of the application, may give written notice to the applicant of any objection to payment of such judgment or any part of it. Where the secretary gives the notice the applicant may apply to the court entering judgment for a finding or determination in respect of any matter in connection with the application for payment out of the fund." MCLA 257.1107(2); MSA 9.2807(2).

The Secretary argues that this section grants him the implied authority to exercise administrative setoff. However, this section would be inapplicable, where, as here, the Secretary has *already* consented to the judgment and the amount. Moreover, implying the right of setoff would defeat the policy inherent in the installment payment provision of § 10.[3] In § 7(1) of the act, the Secretary is obligated to pay in directory, not permissive, terms. This section reads:

"[W]here a person recovers in any court in this state a judgment for damages * * * occasioned * * * by an uninsured motor vehicle * * * the secretary *shall* pay

[1] 42 Am Jur, Administrative Law, § 26, p 316.

[2] 331 Mich 582, 590; 50 NW2d 322 (1951).

[3] MCLA 257.1110(b); MSA 9.2810(b).

the amount of the judgment * * * ." MCLA 257.1107(1); MSA 9.2807(1).

Other administrative agencies and acts have the express power of setoff;[4] thus the absence of an express grant in the Motor Vehicle Accident Claims Act is not insignificant. Finding neither the express nor implied power within the act we conclude that the Secretary was not granted the power by the Legislature to *administratively* set off competing judgments.

These arguments apply with similar force to the problem of whether the Secretary can compel judicial setoff of the competing claims. Consideration of §§ 10, 11, and 12 of the act reinforces the conclusion that the power of setoff was not intended by the Legislature. In § 10[5] the only express sanction within the power of the Secretary is suspension of the operation and registration privileges of the party on whose behalf payment was made. This power expires upon repayment in full or until the commencement of an installment payment agreement. Even if the debtor defaults in the repayment schedule the only express sanction is the requirement that the Secretary suspend the operation and registration privileges.[6] The Secretary's obligation is even clearer when the following language from § 19 is considered. It reads:

"Where judgment is obtained against the secretary upon the determination of all proceedings, including

---

[4] *See* MCLA 19.44; MSA 3.451, granting such authority to the Board of State Auditors; MCLA 421.27(m); MSA 17.529(m), providing for the reduction of unemployment compensation payments by amounts received under workmen's compensation; and the Public Securities Validation Act, MCLA 600.2942; MSA 27A.2942, authorizing counterclaims. *See, also,* MCLA 14.134; MSA 3.234, granting the Collection Department the power to compromise claims.

[5] MCLA 257.1110; MSA 9.2810.

[6] MCLA 257.1111; MSA 9.2811.

appeals, the secretary, subject to .the limitations provided in this act, *shall* pay out of the fund to the plaintiff in the action, the *entire* amount of the judgment * * * ." MCLA 257.1119; MSA 9.2819. (Emphasis supplied.)

With no express provision and no implied power the right to set off cannot be read into the act.

The circuit judge properly denied plaintiff's petition to set aside the consent judgment but improperly determined that the act permitted the setoff of competing claims. Accordingly the order denying the petition to set aside the consent judgment must be modified in accordance with this opinion and otherwise affirmed.

Affirmed as modified. No costs, a public question being involved.

O'HARA, J., concurred.

DANHOF, P. J., *(dissenting)*. The facts and procedural posture of this case are such that we need not decide whether the Secretary can, in an appropriate proceeding, obtain a judicial order of setoff. Furthermore, the propriety of the Secretary's administrative setoff has not been properly challenged by plaintiff.

Plaintiff's appeal is before us on the denial of his motion to set aside a consent judgment. The trial court's comment from the bench, that it saw "nothing wrong with the action of the Secretary of State", made at the conclusion of the hearing, was not a judicial determination that the statute permitted the setoff of competing claims.

Since a consent judgment is in the nature of a contract which the court has given its formal approval, it generally cannot be opened, changed, or set aside, without the further assent of the

parties, in the absence of fraud, duress, or mistake. *Blaske v Blaske,* 33 Mich App 210; 189 NW2d 713 (1971); *Russell v White,* 63 Mich 409; 29 NW 865 (1886).

Plaintiff has not alleged fraud, mistake, or misrepresentation. Indeed it was plaintiff who failed to make disclosure that he, an uninsured motorist, was a defendant in another civil action in which judgment was entered against him some five days prior to the entry of the consent judgment at issue in this case.

The majority opinion allows plaintiff, by his motion to set aside this consent judgment, to accomplish the result of *compelling* the Secretary to pay the full $4000 judgment. Once the consent judgment had been entered, and confronted with the Secretary's administrative setoff, plaintiff's recourse should have properly been an action for mandamus in this Court against the Secretary. GCR 1963, 714.1. *E.g., Brunner v Secretary of State,* 48 Mich App 535; 210 NW2d 786 (1973).

Nevertheless, since the majority wishes to treat the trial court's denial of plaintiff's motion as a judicial order of setoff, I will address that issue. I cannot agree that under all circumstances the Secretary's only recourse against a fund debtor is suspension of driving privileges. Under MCLA 257.1109; MSA 9.2809, the Secretary must receive an *assignment* of a judgment before making any payments from the fund. The full extent of the Secretary's rights as judgment creditor are not a matter of decision for this case. However, I can see no reason why the Secretary, as assignee of a judgment against plaintiff, could not object to payment of part of the judgment in plaintiff's favor on the ground of setoff. It would then be appropriate for the trial court to make "a finding

or determination in respect of any matter in connection with the application for payment out of the fund". MCLA 257.1107(2); MSA 9.2807(2). Courts do have the authority to order setoff of mutual judgments. *Franklin Co v Buhl Land Co,* 264 Mich 531; 250 NW 299 (1933).

The majority opinion implies that to allow the Secretary a right of setoff would defeat the absolute right of the fund debtor to avail himself of the installment payment provisions of MCLA 257.1110(b); MSA 9.2810(b). The language of that section, however, clearly implies discretion on the part of the Secretary. as to whether to agree to installment payments:

"Commenced installment repayments in accordance with an agreement entered into with the secretary."

Such an agreement is unlike an installment judgment pursuant to GCR 1963, 523, where the judgment creditor's assent need not be obtained and only the trial court's approval of payment by installments is needed to forestall garnishment.

 I would affirm.