SMITH v LLOYD

OPINION OF THE COURT

1. ADMINISTRATIVE LAW—ACCIDENT CLAIMS FUND—COMPETING
   CLAIMS—SETOFF.

   The Motor Vehicle Accident Claims Fund Act does not grant the
   power of setoff to the Secretary of State, nor can the Secretary
   of State compel judicial setoff of competing claims.

CONCURRENCE BY V. J. BRENNAN, J.

2. ADMINISTRATIVE LAW—ACCIDENT CLAIMS FUND—COMPETING
   CLAIMS—SETOFF.

   *The Secretary of State has no power to unilaterally set off
   competing judgments even though, as director of the Motor
   Vehicle Accident Claims Fund, he has wide discretion in han-
   dling the defense of cases against uninsured motorists and can
   compel setoff of competing judgments in certain situations.*

Appeal from Wayne, Charles S. Farmer, J. Sub-
mitted Division 1 June 6, 1974, at Detroit. (Docket
No. 16873.) Decided November 25, 1974.

Complaint by Hugh Smith, Helen Smith, Gene
Bartley, and Carrie Bartley against Wilfred Lloyd
for damages resulting from an automobile acci-
dent. Judgment for plaintiffs with a proviso for
setoff against one of plaintiffs for his indebtedness
to the Accident Claims Fund. Plaintiffs appeal.
Reversed and remanded for entry of judgment
without the setoff.

*Barbara & Wisok, P. C.,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for the Motor Vehicle Accident Claims Fund.

Before: BRONSON, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Plaintiffs' motion to compel payment from the Motor Vehicle Accident Claims Fund was denied. The amount of the settlement reached in the present action was set off against the amount owing from plaintiff Hugh Smith to the Motor Vehicle Accident Claims Fund pursuant to a stipulated judgment in another case. Plaintiffs appeal.

The Motor Vehicle Accident Claims Fund Act does not grant the power of setoff to the Secretary of State nor can the Secretary compel judicial setoff of competing claims. *Castro v Goemaere,* 53 Mich App 78; 218 NW2d 395 (1974).

Reversed and remanded with instructions to enter judgment without the setoff. Costs to the plaintiffs.

BRONSON, P. J., concurred.

V. J. BRENNAN, J. *(concurring).* The majority reverses this case and remands with instructions to enter judgment without the setoff on the basis of a decision of another panel of this Court in *Castro v Goemaere,* 53 Mich App 78; 218 NW2d 395 (1974). In my opinion *Castro* unnecessarily states an inflexible rule not required by the act.

In *Castro* it was held that the Secretary of State, as director of the Fund, had no power, either

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

express or implied, to administratively set off competing judgments or to compel judicial setoff of the competing claims. While I agree that under the act the Secretary has no power to unilaterally set off competing judgments, I disagree with the conclusion that the Secretary cannot, under any circumstances, obtain a setoff. It is to emphasize this point that I concur by separate opinion.

It is my position that the Secretary can compel setoff of competing judgments in certain situations. For instance, MCLA 257.1108(2); MSA 9.2808(2) gives the Secretary, as director of the Fund, wide discretion in handling the defense of a case against an uninsured motorist who did not enter an appearance or who seeks to enter into a consent judgment or settlement agreement. MCLA 257.1108(2) *supra,* gives the Secretary the power to

"enter an appearance within 30 days, file an answer, make payment into court, appear by counsel at the trial or take such other action as he may deem appropriate on behalf and in the name of the defendant, and thereupon, on behalf and in the name of the defendant, may conduct his defense, and may consent to judgment in such amount as he may deem proper in all the circumstances, and all acts done in accordance therewith shall be deemed to be the acts of the defendants."

It cannot be doubted that under the above provision the Secretary has the power to enter into a settlement agreement or stipulate to the entry of a consent judgment in the same manner as any other party to a civil action. The Secretary is free to bargain with the opposing party as to the terms of a settlement agreement if one is sought. He is not required to accept one and may, just like any other party, force the case to trial if the terms of a

proposed settlement agreement are not to his liking. Implicit in this power to bargain is the power to establish as a prerequisite to the entry of a consent judgment a proviso that any amount agreed to be due be set off against a competing judgment, despite any earlier installment agreement entered into under MCLA 257.1110; MSA 9.2810. The other party is free to accede or not, according to his wishes at the time. The installment agreement earlier entered into is no bar to this type of action. If the other party agrees to the setoff, the installment payment agreement is modified by the subsequent agreement between the parties. Once this is agreed to, both parties are bound and the Secretary has the right, under the agreement, to set off the amounts held to be due.

If plaintiff makes application for payment from the Fund after such an agreement is entered into, the Secretary, under MCLA 257.1107(2); MSA 9.2807(2), can give written notice of objection to the payment. Plaintiff would then be required to go to court to compel payment. At this time the agreement can be set up as a defense and the court could then, upon proper pleadings, uphold the Secretary's action by ordering setoff.

Other instances in which I believe the Secretary can compel setoff include, but are not limited to, the following situations: (1) where no installment payment agreement is entered into under MCLA 257.1110; MSA 9.2810; (2) where an installment payment agreement is entered into under MCLA 257.1110; MSA 9.2810 and a provision of that agreement grants the Secretary the power to set off competing judgments; and, (3) where an installment payment agreement is entered into under MCLA 257.1110; MSA 9.2810 and the uninsured

motorist is in default with respect to one or more payments.[1]

While *Castro* does not recognize or discuss these situations, the language contained therein certainly can be read to deny the Secretary the right of setoff in each of the situations I have outlined above. I therefore disagree with the reasoning employed in *Castro* insofar as it can be used to deny the Secretary the right to compel setoff in these situations. The facts of the present case, however, do not fall within any of the situations in which I would hold the Secretary has the right to compel setoff. I therefore concur in the result reached by my colleagues and vote to reverse and remand with instructions to enter judgment without the setoff.

---

[1] In this situation, however, the Secretary can only compel setoff of the amounts due and owing because of default.