SECRETARY OF STATE v GRECO

Docket No. 77-4376. Submitted June 19, 1978, at Detroit.—Decided September 5, 1978. Leave to appeal applied for.

In 1975, Charles Dozier and others obtained consent judgments against Mary L. and Sam Greco for damages suffered in an automobile accident. The Grecos were uninsured, and were represented by the Secretary of State who satisfied the judgments from the Motor Vehicle Accident Claims Fund. In 1977, Mary L. Greco obtained a consent judgment against another uninsured motorist for damages arising from a subsequent automobile collision, in an amount greater than the total of the judgments in the first action. The Secretary of State represented the uninsured motorist in that action also. The Secretary of State commenced proceedings for a writ of garnishment against the State Treasurer. The State Treasurer disclosed his liability to Mary and Sam Greco and deposited with the court an amount equal to the total of the judgments in the first action. Peter R. Barbara and Associates, P. C., intervened, seeking payment of attorney fees from the garnisheed funds. The Wayne Circuit Court, Charles S. Farmer, J., ordered the distribution of the funds between Peter R. Barbara and Associates, P. C., and the Secretary of State in accordance with a stipulation of the parties. Mary Greco appeals, contending that the Secretary of State may not set off the prior judgment against the later one and is not authorized to proceed by writ of garnishment. *Held:*

The Secretary of State may obtain a judicial set-off of the competing claims against the Motor Vehicle Accident Claims Fund by proceeding in garnishment against the State Treasurer.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 6 Am Jur 2d, Attachment and Garnishment § 79.

7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.

7 Am Jur 2d, Automobile Insurance §§ 135, 138.

20 Am Jur 2d, Counterclaim, Recoupment and Setoff §§ 7, 18, 28.

1. AUTOMOBILES—UNINSURED MOTORISTS—MOTOR VEHICLE ACCIDENT CLAIMS FUND—SET-OFF—GARNISHMENT.

The Secretary of State may compel a judicial set-off of competing claims against the Motor Vehicle Accident Claims Fund by proceeding by writ of garnishment against the State Treasurer where an uninsured motorist on whose behalf the fund has satisfied a judgment subsequently obtains a judgment against another uninsured motorist for damages suffered in an unrelated accident.

2. AUTOMOBILES—UNINSURED MOTORISTS—MOTOR VEHICLE ACCIDENT CLAIMS FUND—COMPETING CLAIMS—STATUTES.

The Secretary of State is empowered by statute to raise any objection to payment of a judgment from the Motor Vehicle Accident Claims Fund and judicial determination of any matter in connection with an application for payment may be obtained if the applicant chooses to go to court to overcome the secretary's objection; therefore, it may fairly be implied that the Secretary may raise a prior claim as subrogee against an applicant who is an uninsured motorist and compel a judicial set-off of competing claims against the fund (MCL 257.1107[2]; MSA 9.2807[2]).

3. AUTOMOBILES—UNINSURED MOTORISTS—MOTOR VEHICLE ACCIDENT CLAIM FUND—GARNISHMENT—STATUTES.

The Secretary of State may maintain an action in his own capacity against an uninsured motorist on whose behalf he has paid an amount out of the Motor Vehicle Accident Claims Fund; it may fairly be implied, therefore, that the Secretary can proceed by writ of garnishment to collect against such an uninsured motorist where that uninsured motorist seeks satisfaction by the Secretary of a subsequent judgment against another uninsured motorist for damages suffered in an unrelated accident (MCL 257.1106[4]; MSA 9.2806[4]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Warren R. Snyder,* Assistants Attorney General, for plaintiff.

*Peter R. Barbara & Associates, P. C.* (by *Phil Bozzo),* for defendant.

Before: R. M. Maher, P. J., and J. H. Gillis and McGregor,* JJ.

McGregor, J. Defendant Mary Greco appeals from an order of the trial court distributing garnisheed funds between the Secretary of State and the intervening law firm. The question for decision by this Court is whether the Secretary, after satisfying a judgment against defendant uninsured motorist out of the Motor Vehicle Accident Claims Fund, may proceed by writ of garnishment against the State Treasurer, as obligor of the defendant, where the defendant has obtained a judgment as plaintiff against another uninsured motorist. We conclude that the Secretary may take such action on the facts of this case.

On October 19, 1973, Charles Dozier and others filed a complaint against Mary and Sam Greco as uninsured motorists for damages arising out of an automobile accident. The Secretary appeared on behalf of defendants pursuant to MCL 257.1108; MSA 9.2808 and, on February 26, 1975, entered consent judgments for plaintiffs totaling $16,200.60. Plaintiffs assigned these judgments to the Secretary who satisfied those judgments from the MVACF pursuant to MCL 257.1107; MSA 9.2807.

On March 3, 1977, Mary Greco obtained a consent judgment against an uninsured motorist in the amount of $17,500 for damages arising from a subsequent automobile collision. The Secretary had appeared in this action on behalf of the uninsured defendant. On April 7, 1977, the Secretary obtained a writ of garnishment directing the State Treasurer to disclose his liability to Sam and Mary

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Greco with respect to the consent judgment entered in the second action. The garnishee defendant disclosed a liability of $17,500 and deposited $16,200.60 with the circuit court. Defendant Mary Greco moved to quash the writ and the trial court denied that motion on June 14, 1977. Peter R. Barbara and Associates, P. C. intervened to collect legal fees from the garnisheed funds.

On September 30, 1977, the trial court ordered the distribution of the garnisheed funds in accordance with a stipulation of the parties. Peter R. Barbara and Associates, P. C. was awarded $4,705.94 and the Secretary was awarded $11,494.66. Defendant Mary Greco now appeals by right contending that case precedent prohibited the Secretary from setting off the prior judgment against the latter and that the Motor Vehicle Accident Claims Act does not authorize the Secretary to proceed by writ of garnishment.

In *Castro v Goemaere,* 53 Mich App 78; 218 NW2d 395 (1974), this Court stated that the Motor Vehicle Accident Claims Act does not empower the Secretary of State to set off, either administratively or judicially, an unrelated judgment paid on behalf of an uninsured motorist against a prior consent judgment entered against the fund in favor of the same uninsured motorist. Since that case involved an attempt by the Secretary to set off administratively one judgment paid on behalf of the plaintiff as an uninsured motorist against another judgment entered in plaintiff's favor by tendering a check for the difference between the two judgments, it is distinguishable from the instant case where the Secretary obtained a judicial set-off of similar judgments by proceeding by writ of garnishment. Furthermore, since the decision in *Castro, supra,* dealt with the Secretary's attempt

to set off judgments of this type administratively, we view the Court's statement in that case denying the Secretary the power of judicial set-off as mere dictum which lacks precedential value.

In *Smith v Lloyd,* 56 Mich App 576; 224 NW2d 670 (1974), the Court held that the act in question does not empower the Secretary of State to compel a judicial set-off of competing claims by raising a prior judgment entered on behalf of plaintiffs and satisfied by the MVACF in an action by plaintiffs against an uninsured motorist and the fund. Since the Court relied upon its prior decision in *Castro, supra,* as authority for its holding in *Smith, supra,* we decline to follow that decision.

First, as noted above, the Court's statement in *Castro, supra,* that the Secretary lacks the power to compel the judicial set-off of competing claims was not necessary to the decision in that case and thus has no binding precedential effect. Furthermore, we find the reasoning of Judge BRENNAN in his concurring opinion in *Smith, supra,* more compelling than that of the majority in *Castro, supra,* and now hold that the Secretary of State may compel a judicial set-off of competing claims in a case of this type by proceeding by writ of garnishment against the State Treasurer where an uninsured motorist on whose behalf the MVACF has satisfied a judgment subsequently obtains a judgment against another uninsured motorist for damages suffered in an unrelated accident.

In *Coffman v State Board of Examiners in Optometry,* 331 Mich 582, 590; 50 NW2d 322 (1951), the Supreme Court stated the following rule of administrative law:

" 'Administrative boards, commissions, and officers have no common-law powers. Their powers are limited

by the statutes creating them to those conferred expressly or by necessary or fair implication.' "

Thus, while the Motor Vehicle Accident Claims Act does not expressly empower the Secretary of State to proceed by writ of garnishment against an obligor of an uninsured motorist on whose behalf a judgment has been paid, we conclude that this power has been conferred on the Secretary by necessary and fair implication from the statute.

MCL 257.1107(2); MSA 9.2807(2) provides that:

"Where an application is made under this section, the secretary, at any time within 30 days of the receipt of the application, may give written notice to the applicant of any objection to payment of such judgment or any part of it. Where the secretary gives the notice the applicant may apply to the court entering judgment for a finding or determination in respect of any matter in connection with the application for payment out of the fund."

Since this statutory language enables the Secretary to raise any objection to payment upon an application made by a plaintiff and provides for judicial determination of any matter in connection with the application if the plaintiff chooses to go to court in order to overcome the Secretary's objection, it may fairly be implied that the Secretary can raise its prior claim as subrogee against the plaintiff as uninsured motorist as such an objection and compel a judicial set-off of the competing claims.

We do not believe that the Legislature intended to limit the Secretary to the objection procedure outlined above, however, since MCL 257.1106(4); MSA 9.2806(4) provides that:

"Where an amount is paid out of the fund under this

section, the secretary is subrogated to the rights of the person to whom the amount is paid and may maintain an action in his own name or in the name of the person against the person responsible for the use or operation of the uninsured motor vehicle."

Since the Secretary may maintain an action in his own name against an uninsured motorist in situations like the one in the instant case, it may fairly be implied that the Secretary can proceed by writ of garnishment to collect against an uninsured motorist on whose behalf he has satisfied a judgment where that uninsured motorist seeks satisfaction by the Secretary of a subsequent judgment against another uninsured motorist for damages suffered in an unrelated accident. When the Secretary becomes subrogated pursuant to MCL 257.1106(4); MSA 9.2806(4) to the rights of a person to whom an amount is paid out of the fund, he succeeds to that person's judgment against the uninsured motorist. One method of enforcing a judgment which is available to the holder of the judgment is garnishment. MCL 600.4011; MSA 27A.4011. GCR 1963, 738.1.

Since no installment agreement under MCL 257.1106(5)(b); MSA 9.2806(5)(b) was entered by the parties in the instant case, the method of judicial set-off undertaken by the trial court did not interfere with the policy underlying such agreements. Thus, we find the objection to judicial set-offs on that ground as stated in *Castro, supra,* unconvincing.

Affirmed; no costs, a public question being involved.