# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

KERRY C. NAGLE,

        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

        Defendant-Appellee.

UNPUBLISHED
August 8, 2017

No.  333850
Court of Claims
LC No.  16-000073-MT

Before:  CAVANAGH, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition in this case challenging defendant's right to collect on plaintiff's outstanding tax debt after the statute of limitations set forth in MCL 600.5813 had expired.  We affirm.

Plaintiff filed his 2004 Michigan income tax return by October 15, 2005.  On July 27, 2007, defendant issued its assessment of $292,303.00, with interest accrued in the amount of $50,010.64, for a total of $342,313.64.  Plaintiff made no voluntary payments on this 2004 income tax liability.

Plaintiff filed his 2006 Michigan income tax return by October 15, 2007.  On July 25, 2008, defendant issued its assessment of $19,039.00, with interest accrued in the amount of $2,212.80, for a total of $21,251.80.  Plaintiff made no voluntary payments on this 2006 income tax liability.

Plaintiff filed his 2007 Michigan income tax return by October 15, 2008.  On September 8, 2009, defendant issued its assessment of $19,497.00, with interest accrued in the amount of $1,902.65, for a total of $21,399.65.  Plaintiff made no voluntary payments on this 2007 income tax liability.

Plaintiff filed his 2009 Michigan income tax return by October 15, 2010.  On February 13, 2015, defendant issued its assessment of $19,108.00, with interest accrued in the amount of $2,002.00, for a total of $21,110.00.  Plaintiff made no voluntary payments on this 2009 income tax liability.

In an effort to collect on plaintiff's outstanding tax debt, defendant intercepted funds payable to plaintiff, including through its unclaimed property division, and applied those funds to reduce plaintiff's balance. Defendant also recorded liens against plaintiff's real property.

In March 2016, plaintiff filed a four-count complaint in the Court of Claims seeking a return of the intercepted funds and the removal of the recorded liens against his real property. In Counts I through III, plaintiff alleged that the statute of limitations set forth under MCL 600.5813 was six years from the date of assessment; thus, defendant was prohibited from collecting on plaintiff's tax liability related to his tax returns for 2004, 2006, and 2007. In Count IV, plaintiff alleged that defendant's assessment related to his 2009 tax return violated MCL 205.27(a) because the assessment was issued in 2015, more than four years after the date the tax return was filed.

In April 2016, defendant filed a motion for summary disposition under MCR 2.116(C)(8), arguing that plaintiff failed to state a claim because defendant had the common-law right to setoff and the setoff was proper. That is, by its plain language, MCL 600.5813 only limits the time period to commence a civil lawsuit in court and does not apply to limit defendant's administrative actions and efforts to collect on plaintiff's outstanding tax liability—a debt that is not extinguished by the mere passage of time. Thus, Counts I through III of plaintiff's complaint should be dismissed in favor of defendant. As to Count IV, defendant agreed that the 2009 tax assessment was improper and should be cancelled. Nevertheless, defendant argued, the setoff remained proper because the amount of plaintiff's tax liability far exceeded the amount of the cancelled 2009 tax assessment. And because the underlying tax debt exists, the liens against plaintiff's property were proper. Accordingly, defendant requested the Court of Claims to dismiss plaintiff's complaint in its entirety.

Plaintiff responded to defendant's motion for summary disposition, and filed a cross motion for summary disposition under MCR 2.116(I)(2), arguing that defendant had no right to a setoff against plaintiff's property after the expiration of the statute of limitations applicable to the collection of the underlying tax liability, i.e., it was time-barred. Thus, plaintiff's tax liability of over $400,000 was extinguished after the six-year statute of limitations set forth in MCL 600.5813 expired. Accordingly, the money seized by defendant should be returned to plaintiff and the tax liens against his property should be discharged.

On June 23, 2016, the Court of Claims issued its opinion and order granting defendant's motion for summary disposition as to Counts I, II, and III of plaintiff's complaint. The Court held that MCL 600.5813, a statute under the Revised Judicature Act, applies to judicial proceedings and does not bar defendant from exercising its right to pursue administrative collection actions to recover the outstanding tax debt. The Court did grant summary disposition in favor of plaintiff as to Count IV, as defendant conceded the argument, but held that plaintiff was not entitled to a refund considering the amount of his outstanding tax debt.

On appeal, plaintiff argues that the expiration of the six-year statute of limitations set forth in MCL 600.5813 barred defendant from pursuing any action to collect on plaintiff's outstanding tax debt from tax years 2004, 2006, and 2007; thus, plaintiff properly stated a claim and defendant was not entitled to summary disposition. We disagree.

This Court reviews de novo a lower court's decision on a motion for summary disposition. *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 344; 745 NW2d 137 (2007). A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim on the pleadings alone to determine if the plaintiff has stated a claim on which relief may be granted. *Id*. Issues involving statutory interpretation are also reviewed de novo as questions of law. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 278; 831 NW2d 204 (2013).

Defendant is empowered to collect taxes under the Michigan tax act, MCL 205.1 *et seq*. When an assessment of tax has not been challenged by the taxpayer as set forth in MCL 205.22, the assessment is considered final and conclusive. MCL 205.22(5). In this case, it is undisputed that plaintiff never contested defendant's assessments at issue in this case. That is, plaintiff never claimed that he did not *owe* the taxes assessed. Plaintiff argues, however, that he does not have to *pay* the taxes assessed and that defendant cannot assert tax liens or attempt to recover the tax debt because the statute of limitations expired. We cannot agree.

First, plaintiff has failed to cite to any legal authority in support of his claim that—if he refuses to pay his taxes and defendant does not sue him or otherwise collect the debt within six years of the assessment, he is no longer liable to pay the tax and defendant is no longer empowered to collect the outstanding tax. In fact, plaintiff does not refer us to any provision in the tax act which states or implies that a taxpayer's debt to this state is extinguished after a period of time or that defendant forfeits the right to collect on the debt by inaction for a period of time.

Second, as the Court of Claims held, plaintiff's argument that the statute of limitations set forth in MCL 600.5813 applied to prohibit defendant from collecting on plaintiff's outstanding tax debt is without merit. MCL 600.5813 provides:

> All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes.

It is well-established that statutory language must be construed according to its plain meaning; however, words and phrases that have acquired a "peculiar and appropriate meaning in the law" must be accorded such meaning. MCL 8.3a. "Personal actions" is a legal term of art that has acquired a "peculiar and appropriate meaning in the law."[1] As set forth in Black's Law Dictionary (7th ed), a "personal action" is "[a]n action brought for the recovery of debts, personal property, or damages arising from any cause." *Id*. at 31. In other words, a "personal action" is a civil lawsuit by an aggrieved party, not a criminal prosecution. Thus, by the statute's plain language, it applies only to judicial proceedings and not to other means of collecting on a debt. Accordingly, if defendant had sued plaintiff to collect the debt as permitted under MCL 205.28(1)(c), the lawsuit would have been subject to the provisions of MCL 600.5813. And plaintiff's reliance on defendant's Revenue Administrative Bulletin (RAB) 1993-15 is

---

[1] Just as "cause of action" has been determined to be a legal term of art. *Massey v Mandell*, 462 Mich 375, 386; 614 NW2d 70 (2000).

misplaced. As defendant notes, that RAB merely recognizes that the statute of limitations set forth in MCL 600.5813 applies to lawsuits filed by defendant to collect outstanding taxes.

Further, this construction of the phrase "personal actions" is consistent with the nature of statutes of limitation. As our Supreme Court explained in *Stephens v Dixon*, 449 Mich 531, 534; 536 NW2d 755 (1995):

> Statutes of limitation are procedural devices intended to promote *judicial* economy and the rights of defendants. For instance, they protect defendants and the *courts* from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence. [Emphasis supplied.]

Thus, while defendant had the right to sue plaintiff to collect on tax assessments that were final and conclusive, defendant's failure to exercise that right does not lead to the conclusion that defendant forfeited its other rights with regard to collection of plaintiff's outstanding tax debt. See MCL 205.22(5), 205.28(1)(c). Moreover, we reject plaintiff's claim that it would be an "absurdity" if defendant had the right to seek the recovery of his outstanding tax debt beyond the six-year time period set forth in MCL 600.5813. Plaintiff has failed to name any kind of debt— tax or otherwise—that is discharged or extinguished merely because it is ignored and unpaid by the debtor for a specific period of time. Accordingly, as the Court of Claims held, defendant had the right to assert tax liens related to plaintiff's tax liability and the funds defendant intercepted that were payable to plaintiff could properly be applied as a setoff to reduce plaintiff's significant outstanding tax liability. See *Whispering Pines AFC, Home, Inc v Dep't of Treasury*, 212 Mich App 545, 553-554; 538 NW2d 452 (1995).

Affirmed. Defendant is entitled to tax costs as the prevailing party. See MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Michael J. Kelly

-4-